### PAUL COLLINS V. STATE

No. 32,032. October 26, 1960

Motion for Rehearing Overruled November 30, 1960

*B. L. Collins,* Lufkin, for appellant.

*Fred Hudson,* District Attorney, Center, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for murder; the punishment, life imprisonment.

On a prior appeal from an order denying bail, in a habeas corpus proceeding, appellant was granted bail by this court. Ex parte Collins, 168 Tex. Cr. R. 500, 330 S.W. 2d 194.

The state's evidence shows that the deceased, who was about 75 years of age and the father of appellant, lived in a hotel where other elderly men resided. On the day of the homicide, appellant came to the hotel and was seen to go to the deceased's room. At such time the deceased was heard to say, "Get out of my room." A short time later the deceased's body was found outside of his room lying on the floor in the hallway with the throat cut and stab wounds on the side, shoulder, and cheek. The attending physician testified that the cause of death of the deceased was the wounds inflicted to the throat. A bloody knife, with open blade, was found outside in an alley, below an open window which had blood spots on the sill. Appellant was arrested a short time thereafter at his mother's home and when the officers arrived was washing his face and shirt which was bloody. As the officers approached the house, appellant was heard to tell his mother and brother, "They wouldn't have to be worried with him any more. That he had fixed him."

Testifying as a witness in his own behalf, appellant related how his father, the deceased, had left appellant's mother and the family many years before but in recent years had wanted to return to her. Appellant stated that he had been informed by his mother that the deceased blamed him for her refusing to permit him to return to the home and that on an occasion when he was visiting her the deceased stated, referring to appellant, "If he was here, I'd fix him." Appellant testified that on the day of the killing he went to the hotel to visit the deceased; that after he entered the room and was seated, the deceased attacked him with a stick, hitting him twice over the head; that he disarmed him of the stick and the deceased then came at him with a knife; that he took the knife away from the deceased and the deceased then grabbed him around the neck and began dragging him across

the room. Appellant stated that in his effort to release himself, he "gigged" the deceased with the knife, and that he finally did release himself from the deceased out in the hall after "swinging" at him with the knife. Appellant admitted cutting the deceased with the knife and stated that when he released himself from the deceased he threw the knife away and left the hotel.

The issue of appellant's guilt was submitted to the jury upon a charge on the apppellant's right of self-defense against a deadly attack made upon him by the deceased.

The jury chose to reject the appellant's plea of self defense and we find the evidence sufficient to sustain its verdict.

Appellant predicates his appeal upon two contentions.

It is first contended that the court erred in overruling appellant's first application for a continuance because of the absence of the witness, Mrs. Allie Mae Collins, the mother of appellant. Neither the application for continuance nor appellant's motion for new trial contained an affidavit from the absent witness or a showing under oath from some other source that the witness would have testified to the facts alleged. Such affidavits are requisite in order to show an abuse of discretion in overruling a motion for new trial based upon the application for continuance. Morris v. State, 158 Tex. Cr. R. 516, 251 S.W. 2d 731; Suit v. State, 161 Tex. Cr. R. 22, 274 S.W. 2d 701; and Davis v. State, 162 Tex. Cr. R. 22, 280 S.W. 2d 747. The contention is overruled.

Appellant next contends that the court erred in refusing to grant a change of venue in the case.

Appellant filed his application for a change of venue, supported by the affidavit of two compurgators, in which he alleged the existence of so great a prejudice against him in Shelby County and such prejudgment of his case that he could not obtain a fair and impartial trial.

The application was controverted by the state and after a hearing thereon was by the court overruled.

During the selection of the jury, appellant renewed his application for a change of venue upon exhaustion of the original special venire and when certain lists of talesmen summoned by the sheriff had been exhausted. The application when again presented by appellant was by the court overruled.

The evidence adduced upon the hearing of the application for change of venue was conflicting upon the issue. It is a well settled rule that if the evidence is conflicting, a judgment denying a change of venue will not be disturbed on appeal unless it appears that the trial judge abused his discretion. Whiteside v. State, 115 Tex. Cr. R. 274, 29 S.W. 2d 399; Priest v. State, 162 Tex. Cr. R. 260, 284 S.W. 2d 148; and Windham v. State, 162 Tex. Cr. R. 580, 288 S.W. 2d 90.

Under the record herein no abuse of discretion is shown.

The judgment is affirmed.

Opinion approved by the Court.