**Alfred Leroy ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47705.**

Court of Criminal Appeals of Texas.

March 6, 1974.

Rehearing Denied March 27, 1974.

Frank Coffey (on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty., W. W. Chambers, Glen E. Eakman, Joe Drago, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a trial before a jury of the sale of a narcotic drug, to-wit, heroin. Punishment was assessed at twenty-five years.

The State's evidence showed a sale by appellant to an undercover agent of the Fort Worth Police Department on June 8, 1972, of .3 of a gram of $18\frac{1}{2}\%$ heroin for $50.00. Appellant testified, denying the sale.

Appellant's sole ground of error complains of the action of the court in overruling his oral motion for a continuance.

Article 29.03, Vernon's Ann.C.C.P., reads:

"A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion."

Article 29.08, V.A.C.C.P., reads:

"All motions for continuance on the part of the defendant must be sworn to by himself."

Appellant's motion for continuance was neither in writing nor was it sworn to by appellant. In Carpenter v. State, 473 S.W.2d 210, 213, this Court, speaking through Judge Roberts, said:

"Appellant contends by his fifth ground of error that the trial court erred in refusing his oral motion for continuance. Article 29.03, Vernon's Ann.C.C.P., provides that a criminal action may be continued on the written motion of either party, upon a showing of sufficient cause, if such cause is fully set forth in the motion. A refusal to grant an oral motion for continuance, whether made before or after the trial commenced, is not ground for reversal. Gaines v. State, 468 S.W.2d 853 (Tex.Cr.App. 1971); Stubbs v. State, 457 S.W.2d 563 (Tex.Cr.App.1970); Finch v. State, 399 S.W.2d 544 (Tex.Cr.App.1966); Crenshaw v. State, 389 S.W.2d 676 (Tex.Cr. App.1965)."

In Galvan v. State, 461 S.W.2d 396, 398, Judge Douglas, speaking for the Court, said:

"In his fourth ground of error, appellant complains of the trial court's refusal to grant his first motion for continuance. Since the motion was not sworn to by the defendant himself, as required by Article 29.08, V.A.C.C.P., it is not before this Court for review. McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521, cert. denied 352 U.S. 902, 77 S.Ct. 268, 1 L.Ed.2d 114."

Furthermore, appellant in his motion for new trial did not assign the overruling of his motion for continuance as error. There was no affidavit of the missing witness, or a showing under oath from some other source that the witness would actually testify to facts favorable to appellant. Article 29.06, V.A.C.C.P.; McCloud v. State, Tex.Cr.App., 494 S.W.2d 888.

The court did not abuse his discretion in overruling appellant's motion for a continuance.

The judgment is affirmed.

Opinion approved by the Court.