Cedrick Ryan HARRISON, Appellant,

v.

The STATE of Texas.

No. PD–1511–04.

Court of Criminal Appeals of Texas.

Dec. 14, 2005.

Windi Akins, Houston, for appellant.

Eric Kugler, Asst. D.A., Houston, for state.

## OPINION

PRICE, J., delivered the opinion of a unanimous Court.

The appellant was charged with capital murder and sentenced to life imprison-ment. Before trial, the appellant filed a motion for continuance, based on an absent witness, which was denied. On appeal, the appellant claimed that the trial court abused its discretion in denying his motion for continuance. The First Court of Appeals affirmed the appellant's conviction, holding that the appellant failed to pre-serve error as to the denial. The appel-lant filed a petition for discretionary re-view, complaining that the court of appeals issued an opinion that did not correctly reflect "the facts in the appellate record and the arguments presented in [the ap-pellant's] brief on direct appeal."[1] We affirm the judgment of the court of appeals because the trial court did not abuse its discretion in denying the appellant's mo-tion for continuance and motion for new trial.

## I. Facts and Procedural History

The appellant was charged with capital murder for fatally shooting a man after he failed to surrender his wallet at gunpoint. Immediately before the appellant's trial began, the appellant filed a motion to com-pel disclosure and for a continuance. The motion requested that the trial court order the State to comply with an earlier discov-ery order by providing the appellant with the addresses and phone numbers of the individuals listed on the State's subpoena list. Additionally, the motion requested a twenty-day continuance so that the appel-lant would have sufficient time to contact Dante Rush,[2] an acquaintance who the ap-

---

**1.** The precise ground on which we granted review is:

The court of appeals, contrary to Tex. R.App. P. 66.1(f), departed so far from the accepted and usual course of judicial pro-ceedings that the Court of Criminal Appeals should exercise its' [sic] supervisory power and order the court of appeals to issue an

opinion that correctly reflects the facts in the appellate record and the arguments pre-sented in petitioner's brief on direct appeal.

**2.** Rush's first name is spelled differently in different parts of the record. We are using the spelling that appears in the court of ap-peals's opinion.

pellant claimed was present immediately before and after the shooting and who was listed on the State's subpoena list.

The trial court denied the motion for continuance, but ordered the State to provide the appellant with the missing contact information for all of the witnesses on its subpoena list. That same day, the State provided the appellant with the available contact information for most of the individuals listed on the State's subpoena application. Rush's contact information was not included, however, because the State had been unable to find him.

The following day, the appellant's private investigator informed the trial court that he had spoken to Rush's uncle's girlfriend, with whom Rush was living in Minnesota. The private investigator said that Rush's uncle's girlfriend was looking for Rush's phone number. The trial court then granted the appellant a two-day recess to contact Rush. Following the two-day recess, the appellant claimed that he had not yet been able to contact Rush and requested additional time. The trial court denied the appellant's request, and Rush was never contacted. At the trial's conclusion, the appellant was found guilty of capital murder and given a life sentence.

The appellant filed a motion for new trial, which included an affidavit by the appellant's investigator, detailing his efforts to locate Rush and his theory that Rush would testify as to the appellant's "lack of intent." The appellant's motion for new trial was overruled by operation of law without a hearing.[3]

On appeal, the appellant claimed that the trial court abused its discretion by not granting his motion for continuance. The court of appeals affirmed the trial court,

holding that the appellant failed to preserve error as to his motion for continuance because he did not (1) attach an affidavit stating the material facts to which Rush would testify, (2) offer evidence during the hearing on his motion for continuance as to what Rush would testify about, and (3) include in his motion for new trial the testimony he expected to elicit from Rush.[4]

On discretionary review, the appellant contends that the court of appeals's holding did not accurately reflect the appellate record because a correct reading of the record would reveal that the appellant did properly preserve error. Consequently, the appellant requests that this Court remand the case to the court of appeals to issue a new opinion that correctly reflects the appellate record and the arguments made in the appellant's brief. We affirm the judgment of the court of appeals, not because the appellant failed to preserve error as to his motion for continuance or motion for new trial, but because there was no abuse of discretion by the trial court in denying the motions.

## II. Law and Analysis

### A. Motion for Continuance

#### (1) Preservation of Error

The court of appeals did not review the appellant's complaint about the motion for continuance on the merits because it held that the appellant had not preserved error. More specifically, the court of appeals held that the appellant did not preserve error because he did not file a motion for new trial that contained an affidavit stating

---

3. Tex. Rule App. P. 21.8(c).

4. *Harrison v. State,* No. 01–03–00629–CR, 2004 WL 1403416, at *1-2, 2004 Tex.App. LEXIS 5572, at *2–*6 (Tex.App.-Houston [1st Dist.] June 24, 2004) (not designated for publication).

what Rush would have testified.[5] For this proposition, the court of appeals relied on its opinion in *Flores v. State*[6] and our opinion in *Benoit v. State*.[7] Upon close inspection of our holding in *Benoit*, we note that it represented a departure from our prior holdings on the interplay between a motion for continuance based on an absent witness and a motion for new trial.[8]

In *Benoit*, we held that to preserve error on the denial of a motion for continuance, the defendant must file a motion for new trial with an affidavit from the missing witness or another source containing the facts to which the missing witness would have testified.[9] We cited three cases for this proposition: *Allen v. State*,[10] *McCloud v. State*,[11] and *Walker v. State*.[12] *McCloud* and *Walker* did not stand for this proposition.[13] In *Allen*, we held that the trial court did not abuse its discretion in

overruling the defendant's motion for continuance because it was not in writing and it was not sworn by the defendant.[14] We also quoted from *Galvan v. State*,[15] in which we said that, because the defendant himself had not sworn to the motion for continuance, nothing was presented for review.[16] In other words, the defendant in *Galvan* had not preserved his complaint for appellate review.

*Galvan*, in turn, cited *McGowen v. State*,[17] which also said nothing about requiring a motion for new trial to preserve error on a motion for continuance. *McGowen* held that the motion for continuance was properly overruled by the trial court because the defendant did not swear to the motion.[18] *McGowen* cited *Parsons v. State*[19] for this proposition, and in *Parsons*, we explained the interplay between a motion for continuance and a motion for new trial.

---

5. *Id.* 2004 WL 1403416, at *2, 2004 Tex.App. LEXIS 5572, at *5.

6. 789 S.W.2d 694, 698–99 (Tex.App.-Houston [1st Dist.] 1990, no pet.).

7. 561 S.W.2d 810 (Tex.Crim.App.1977)

8. *See, e.g., McCloud v. State*, 494 S.W.2d 888, 891 (Tex.Crim.App.1973); *Palasota v. State*, 460 S.W.2d 137, 139 (Tex.Crim.App.1970); *Collins v. State*, 170 Tex.Crim. 285, 287, 340 S.W.2d 38, 40 (1960); *Suit v. State*, 161 Tex. Crim. 22, 25, 274 S.W.2d 701, 703 (1955); *Wofford v. State*, 159 Tex.Crim. 506, 510, 265 S.W.2d 110, 112–13 (1954) (op. on reh'g); *Morris v. State*, 158 Tex.Crim. 516, 520, 251 S.W.2d 731, 733 (1952).

9. 561 S.W.2d at 817.

10. 505 S.W.2d 923 (Tex.Crim.App.1974).

11. 494 S.W.2d 888 (Tex.Crim.App.1973).

12. 543 S.W.2d 634 (Tex.Crim.App.1976).

13. *Walker*, 543 S.W.2d at 636 (not mentioning preservation of error, but concluding that the trial court did not err in denying the defen-

dant's motion for new trial because there was no affidavit from the witness or another source that the witness would actually testify to the facts set out in the motion for new trial); *McCloud*, 494 S.W.2d at 890–91 (not mentioning preservation of error, but concluding that the trial court did not abuse its discretion in denying the defendant's motion for continuance and motion for new trial because there was no support for the motion for continuance and the motion for new trial did not have an affidavit from the missing witness or another source what the witness would have testified).

14. *Allen*, 505 S.W.2d at 924.

15. 461 S.W.2d 396 (Tex.Crim.App.1970).

16. *Id.* at 398.

17. 163 Tex.Crim. 587, 589, 290 S.W.2d 521, 523 (1956).

18. *Ibid.*

19. 160 Tex.Crim. 387, 405 271 S.W.2d 643, 655–56 (1954).

In *Parsons*, we said that a defendant complaining about the denial of a motion for continuance based on an absent witness must show that he was harmed. To do this, the defendant must show "with some degree of reliability that the witness would have testified to something material and beneficial to the accused."[20] We said that no affidavit from the witness was required as a prerequisite to having the claim heard.

> This is not a prerequisite to a valid motion [for continuance], but having failed to so attach them at that stage of the trial, it became incumbent upon an accused, who wishes to rely upon the alleged error of the court, to file a motion for new trial and there make his showing just as is required in cases involving jury misconduct. Without satisfactory proof to the contrary, the trial court might reasonably conclude that the witnesses would not have so testified. A mere recitation that the appellant expects to prove certain things by the witnesses is not sufficient.[21]

The motion for new trial represented a second opportunity, before appeal, for the defendant to demonstrate that the absent witness actually possessed evidence that was material to the case.

We provided no rationale and cited no authority when we departed from this policy in *Benoit* and the cases it relied upon, and we failed to mention the holding in *Parsons*. Moreover, the preservation analysis called for in *Benoit* is more akin to that for an abuse of discretion because it requires that the reviewing court look at the substance of the motion to see if it complies with Article 29.06. Today we expressly disavow the holding in *Benoit* that to preserve error for the denial of a

motion for continuance a defendant must file a motion for new trial.

Preservation of error is generally governed by the Rules of Appellate Procedure. Rule 33.1(a)(1)(A) provides, in relevant part, that for a complaint to be presented on appeal, a timely request, objection, or motion must have been made to the trial court, which "states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

█ We see no reason to depart from the general rule in the context of a motion for continuance. We hold that, to preserve for review a claim that the trial court erred in denying a motion for continuance, the defendant must timely file a motion that sufficiently advises the trial court of the defendant's request and the grounds therefor.

The court of appeals followed the *Benoit* line of cases and concluded that the appellant did not preserve error. While we do not fault the court of appeals for attempting to follow our case law diligently, we conclude that the court of appeals applied the wrong standard for determining whether the appellant preserved for appellate review his complaint that the trial court erred in denying his motion for continuance.

█ Having settled the inconsistencies in our prior holdings, we will address whether the appellant preserved his complaint that the trial court erred in denying his motion for continuance. The appellant's motion for continuance advised the trial court of the fact that the appellant wanted a continuance for twenty days so

---

20. *Id.* at 405, 271 S.W.2d 643.

21. *Ibid.*

that he could locate Rush, who he alleged was crucial to the case. In the motion, defense counsel explained, in brief, the information that she hoped to obtain from Rush. Counsel attached her affidavit, swearing to the truth of the statements made in the motion, and an affidavit from the defense investigator, who detailed his efforts to find Rush. We hold that the motion for continuance was sufficient to advise the trial court of the appellant's request and the grounds therefor.

Ordinarily, after having concluded that the court of appeals erred in holding that a defendant did not preserve his complaint for appellate review, we would remand to that court to determine whether the trial court abused its discretion. Because the court of appeals has already performed a thorough review of the substance of the appellant's motion for continuance, we will address the appellant's complaint that the court of appeals's opinion did not accurately reflect the record.

### (2) Abuse of Discretion

■ A criminal action may be continued on the written motion of a party for sufficient cause shown.[22] The motion must be sworn to by someone who has personal knowledge of the facts relied on for the continuance.[23] When the defendant's motion for continuance is based on an absent witness, it is necessary to show (1) that the defendant has exercised diligence to procure the witness's attendance, (2) that the witness is not absent by the procurement or consent of the defense, (3) that the motion is not made for delay, and (4) the

facts expected to be proved by the witness.[24] It must appear to the trial court that the facts are material.[25] Mere conclusions and general averments are not sufficient for the court to determine their materiality, and the motion for continuance must show on its face the materiality of the absent testimony.[26]

The appellant claimed that Rush would testify about the "facts surrounding the event, the state of mind of the Defendant, the alibi of the Defendant in defense of attempts by the [S]tate to tag the Defendant with bogus extraneous offenses and other information that can develop in dialog with this witness." At the hearing on the motion for continuance, the appellant had another opportunity to provide the specific facts to which Rush would have testified. However, no evidence was presented that Rush was willing to testify or whether he had any relevant testimony to offer. The appellant's counsel argued that Rush would be an alibi witness to some of the extraneous offenses the State intended to offer and that he was with the appellant "in the minutes or hours leading up to the actual event." She also speculated that Rush could testify about the appellant's state of mind and why the appellant was carrying a gun.

■ In *Brito v. State*, we held that the court of appeals did not err in denying a motion for continuance when the defendant contended only that the missing witness would testify that the assault upon the complainant was committed after provocation and that Brito made no attempt to

22. Tex.Code Crim. Proc. art. 29.03.

23. Tex.Code Crim. Proc. art. 29.08.

24. Tex.Code Crim. Proc. art. 29.06.

25. *Ibid.*

26. *Palasota*, 460 S.W.2d at 139 (trial court did not err in denying motion for continuance when motion for continuance alleged only that "facts which this defendant expects to prove by said witness are, in substance, facts which will verify the defendant acted in self defense").

sexually assault her.[27] In this case, although the appellant explained the general topics about which he hoped to have Rush testify, he did not list any specific facts. The prospective testimony of Rush was no more specific or material than the prospective testimony held to be inadequate in *Brito*. With nothing more specific than these general averments as to the topics of the witness's expected testimony, the trial court did not abuse its discretion in denying the motion for continuance.

### B. Motion for New Trial Based on Denial of Continuance for Absent Witness

The court of appeals, as part of its analysis on the motion for continuance, held that the appellant failed to file a sworn motion for new trial and that the motion was unaccompanied by an affidavit from Rush or from any other source indicating the specific testimony that the appellant expected to elicit from Rush.[28] When the court of appeals addressed the motion for new trial separately, it held that the appellant's brief failed to provide the court with any argument or authority supporting his contention that the trial court erred in denying the motion for new trial.[29] As a result, the court of appeals concluded that the appellant waived appellate review of this claim.

Although the court of appeals held that the appellant waived this claim for review, it essentially conducted the analysis that is called for in *Parsons* when it said that the motion for new trial was not sworn and that it was not accompanied by an affidavit from Rush or another source stating the specific facts to which Rush would testify. As a result, we will, once again, address the appellant's claim that the court of appeals opinion did not accurately reflect the record.

■ If an appellant seeks a new trial based on the denial of a motion for continuance for an absent witness, he must file a sworn motion for new trial, stating the testimony that the missing witness would have provided.[30] The appellant must include in the motion for new trial an affidavit of the missing witness or a showing under oath from some source that the witness would actually testify to the facts set forth in the motion for new trial.[31] In a motion for new trial, general assertions by the appellant as to how a missing witness would testify do not constitute a "showing under oath from some source that the witness would actually testify to the facts set forth in the motion for new trial." [32]

■ The appellant's motion for new trial is sworn because the investigator's affidavit is attached. In the context of a motion for new trial that complains of the denial of a continuance for a missing witness, however, a sworn motion must include an affidavit with the specific facts to which the missing witness would have testified. The motion and the affidavit cite the same

---

27. 459 S.W.2d 834, 837 (Tex.Crim.App.1970).

28. *Harrison*, 2004 WL 1403416, at *2, 2004 Tex.App. LEXIS 5572, at *5.

29. *Ibid.* (citing TEX.R.APP. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Vuong v. State*, 830 S.W.2d 929, 940 (Tex.Crim.App.1992)).

30. *McCloud*, 494 S.W.2d at 891; *Palasota*, 460 S.W.2d at 139; *Collins*, 170 Tex.Crim. at 287, 340 S.W.2d at 40; *Suit*, 161 Tex.Crim. at 25, 274 S.W.2d at 703; *Wofford*, 159 Tex. Crim. at 510, 265 S.W.2d at 112–13; *Morris*, 158 Tex.Crim. at 520, 251 S.W.2d at 733.

31. *McCloud v. State*, 494 S.W.2d at 890–91.

32. *Ibid.*

general assertions of Rush's prospective testimony as put forward in the motion for continuance. Neither the private investigator nor any other party acting on behalf of the appellant actually contacted Rush and determined whether he would have been willing to testify at all, let alone what the substance of his testimony might have been. The appellant's assertion that Rush's prospective testimony would "go to the Defendant's lack of intent to kill the victim of this crime" did not constitute the required showing that would result in reversal for abuse of discretion.

## III. Conclusion

Because the trial court did not abuse its discretion in denying the motion for continuance or the motion for new trial, we affirm the judgment of the court of appeals.