IN THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                                               NO.
PD-1511-04

 



 

                                         CEDRICK RYAN HARRISON, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS                    

 



                   ON APPELLANT=S PETITION FOR DISCRETIONARY REVIEW

                                       FROM
THE FIRST COURT OF APPEALS

                                                             HARRIS COUNTY



 

Price,
J., delivered the opinion of a unanimous Court.

 

                                                                  O
P I N I O N 

 








The appellant was charged with
capital murder and sentenced to life imprisonment.  Before trial, the appellant filed a motion
for continuance, based on an absent witness, which was denied.  On appeal, the appellant claimed that the
trial court abused its discretion in denying his motion for continuance.  The First Court of Appeals affirmed the
appellant=s conviction, holding that the
appellant failed to preserve error as to the denial.  The appellant filed a petition for
discretionary review, complaining that the court of appeals issued an opinion
that did not correctly reflect Athe facts in the appellate record and the arguments presented
in [the appellant=s] brief on direct appeal.@[1] 
We affirm the judgment of the court of appeals because the trial court
did not abuse its discretion in denying the appellant=s motion for continuance and motion
for new trial.

I. Facts and Procedural History

The appellant was charged with
capital murder for fatally shooting a man after he failed to surrender his
wallet at gunpoint.  Immediately before
the appellant=s trial began, the appellant filed a
motion to compel disclosure and for a continuance.  The motion requested that the trial court
order the State to comply with an earlier discovery order by providing the
appellant with the addresses and phone numbers of the individuals listed on the
State=s subpoena list.  Additionally, the motion requested a
twenty-day continuance so that the appellant would have sufficient time to
contact Dante Rush,[2]
an acquaintance who the appellant claimed was present immediately before and
after the shooting and who was listed on the State=s subpoena list.  








The trial court denied the motion for
continuance, but ordered the State to provide the appellant with the missing
contact information for all of the witnesses on its subpoena list.  That same day, the State provided the
appellant with the available contact information for most of the individuals
listed on the State=s subpoena application. 
Rush=s contact information was not
included, however, because the State had been unable to find him. 

The following day, the appellant=s private investigator informed the
trial court that he had spoken to Rush=s uncle=s girlfriend, with whom Rush was
living in Minnesota.  The private
investigator said that Rush=s uncle=s girlfriend was looking for Rush=s phone number. The trial court then
granted the appellant a two-day recess to contact Rush.  Following the two-day recess, the appellant
claimed that he had not yet been able to contact Rush and requested additional
time.  The trial court denied the appellant=s request, and Rush was never
contacted.  At the trial=s conclusion, the appellant was found
guilty of capital murder and given a life sentence.  

The appellant filed a motion for new
trial, which included an affidavit by the appellant=s investigator, detailing his efforts
to locate Rush and his theory that Rush would testify as to the appellant=s Alack of intent.@ 
The appellant=s motion for new trial was overruled by operation of law
without a hearing.[3]








On appeal, the appellant claimed that
the trial court abused its discretion by not granting his motion for
continuance.  The court of appeals
affirmed the trial court, holding that the appellant failed to preserve error
as to his motion for continuance because he did not (1) attach an affidavit
stating the material facts to which Rush would testify, (2) offer evidence
during the hearing on his motion for continuance as to what Rush would testify
about, and (3) include in his motion for new trial the testimony he expected to
elicit from Rush.[4]


On discretionary review, the
appellant contends that the court of appeals=s holding did not accurately reflect
the appellate record because a correct reading of the record would reveal that
the appellant did properly preserve error. 
Consequently, the appellant requests that this Court remand the case to
the court of appeals to issue a new opinion that correctly reflects the
appellate record and the arguments made in the appellant=s brief.   We
affirm the judgment of the court of appeals, not because the appellant failed
to preserve error as to his motion for continuance or motion for new trial, but
because there was no abuse of discretion by the trial court in denying the
motions.

II. Law and Analysis

A. 
Motion for Continuance

(1) Preservation of Error








The court of appeals did not review
the appellant=s complaint about the motion for
continuance on the merits because it held that the appellant had not preserved
error.  More specifically, the court of
appeals held that the appellant did not preserve error because he did not file
a motion for new trial that contained an affidavit stating what Rush would have
testified.[5]  For this proposition, the court of appeals
relied on its opinion in Flores v. State[6]
and our opinion in Benoit v. State.[7]  Upon close inspection of our holding in Benoit,
we note that it represented a departure from our prior holdings on the
interplay between a motion for continuance based on an absent witness and a
motion for new trial.[8]








In Benoit, we held that to
preserve error on the denial of a motion for continuance, the defendant must
file a motion for new trial with an affidavit from the missing witness or
another source containing the facts to which the missing witness would have
testified.[9]  We cited three cases for this proposition: Allen
v. State,[10]
McCloud v. State,[11]
and Walker v. State.[12]  McCloud and Walker did not stand
for this proposition.[13]  In Allen, we held that the trial court
did not abuse its discretion in overruling the defendant=s motion for continuance because it
was not in writing and it was not sworn by the defendant.[14]  We also quoted from Galvan v. State,[15]
in which we said that, because the defendant himself had not sworn to the
motion for continuance, nothing was presented for review.[16]  In other words, the defendant in Galvan
had not preserved his complaint for appellate review.








Galvan, in turn, cited McGowen v. State,[17]
which also said nothing about requiring a motion for new trial to preserve
error on a motion for continuance.  McGowen
held that the motion for continuance was properly overruled by the trial court
because the defendant did not swear to the motion.[18]  McGowen cited Parsons v. State[19]
for this proposition, and in Parsons, we explained the interplay between
a motion for continuance and a motion for new trial.  

In Parsons, we said that a
defendant complaining about the denial of a motion for continuance based on an
absent witness must show that he was harmed. 
To do this, the defendant must show Awith some degree of reliability that
the witness would have testified to something material and beneficial to the
accused.@[20] 
We said that no affidavit from the witness was required as a
prerequisite to having the claim heard. 

This is not a prerequisite to a valid
motion [for continuance], but having failed to so attach them at that stage of
the trial, it became incumbent upon an accused, who wishes to rely upon the
alleged error of the court, to file a motion for new trial and there make his
showing just as is required in cases involving jury misconduct. Without
satisfactory proof to the contrary, the trial court might reasonably conclude
that the witnesses would not have so testified. A mere recitation that the
appellant expects to prove certain things by the witnesses is not sufficient.[21]

The motion for new trial represented a second opportunity,
before appeal, for the defendant to demonstrate that the absent witness
actually possessed evidence that was material to the case.  








We provided no rationale and cited no
authority when we departed from this policy in Benoit and the cases it
relied upon, and we failed to mention the holding in Parsons.  Moreover, the preservation analysis called
for in Benoit is more akin to that for an abuse of discretion because it
requires that the reviewing court look at the substance of the motion to see if
it complies with Article 29.06.  Today we
expressly disavow the holding in Benoit that to preserve error for the
denial of a motion for continuance a defendant must file a motion for new
trial. 

Preservation of error is generally
governed by the Rules of Appellate Procedure. 
Rule 33.1(a)(1)(A) provides, in relevant part, that for a complaint to
be presented on appeal, a timely request, objection, or motion must have been
made to the trial court, which Astates the grounds for the ruling that the complaining party
sought from the trial court with sufficient specificity to make the trial court
aware of the complaint, unless the specific grounds were apparent from the
context.@ 


We see no reason to depart from the
general rule in the context of a motion for continuance.  We hold that, to preserve for review a claim
that the trial court erred in denying a motion continuance, the defendant must
timely file a motion that sufficiently advises the trial court of the defendant=s request and the grounds therefor.








The court of appeals followed the Benoit
line of cases and concluded that the appellant did not preserve error.  While we do not fault the court of appeals
for attempting to follow our case law diligently, we conclude that the court of
appeals applied the wrong standard for determining whether the appellant
preserved for appellate review his complaint that the trial court erred in
denying his motion for continuance.

Having settled the inconsistencies in
our prior holdings, we will address whether the appellant preserved his
complaint that the trial court erred in denying his motion for
continuance.  The appellant=s motion for continuance advised the
trial court of the fact that the appellant wanted a continuance for twenty days
so that he could locate Rush, who he alleged was crucial to the case.  In the motion, defense counsel explained, in
brief,  the information that she hoped to
obtain from Rush.  Counsel attached her
affidavit, swearing to the truth of the statements made in the motion, and an
affidavit from the defense investigator, who detailed his efforts to find Rush.  We hold that the motion for continuance was
sufficient to advise the trial court of the appellant=s request and the grounds therefor.

Ordinarily, after having concluded
that the court of appeals erred in holding that a defendant did not preserve
his complaint for appellate review, we would remand to that court to determine
whether the trial court abused its discretion. 
Because the court of appeals has already performed a thorough review of
the substance of the appellant=s motion for continuance, we will address the appellant=s complaint that the court of appeals=s opinion did not accurately reflect
the record.

(2) Abuse of Discretion








A criminal action may be continued on
the written motion of a party for sufficient cause shown.[22]  The motion must be sworn to by someone who
has personal knowledge of the facts relied on for the continuance.[23]  When the defendant=s motion for continuance is based on
an absent witness, it is necessary to show (1) that the defendant has exercised
diligence to procure the witness=s attendance, (2) that the witness is
not absent by the procurement or consent of the defense, (3) that the motion is
not made for delay, and (4) the facts expected to be proved by the witness.[24]  It must appear to the trial court that the facts are material.[25]  Mere conclusions and general averments are
not sufficient for the court to determine their materiality, and the motion for
continuance must show on its face the materiality of the absent testimony.[26]









The appellant claimed that Rush would
testify about the Afacts surrounding the event, the state of mind of the
Defendant, the alibi of the Defendant in defense of attempts by the [S]tate to
tag the Defendant with bogus extraneous offenses and other information that can
develop in dialog with this witness.@ 
At the hearing on the motion for continuance, the appellant had another
opportunity to provide the specific facts to which Rush would have
testified.  However, no evidence was presented
that Rush was willing to testify or whether he had any relevant testimony to
offer.  The appellant=s counsel argued that Rush would be
an alibi witness to some of the extraneous offenses the State intended to offer
and that he was with the appellant Ain the minutes or hours leading up to
the actual event.@  She also speculated
that Rush could testify about the appellant=s state of mind and why the appellant
was carrying a gun.  

In Brito v. State, we held
that the court of appeals did not err in denying a motion for continuance when
the defendant contended only that the missing witness would testify that the
assault upon the complainant was committed after provocation and that Brito
made no attempt to sexually assault her.[27]  In this case, although the appellant
explained the general topics about which he hoped to have Rush testify, he did
not list any specific facts.  The prospective
testimony of Rush was no more specific or material than the prospective
testimony held to be inadequate in Brito. 
With nothing more specific than these general averments as to the
topics of the witness=s expected testimony, the trial court did not abuse its
discretion in denying the motion for continuance. 

B. Motion for New Trial Based on
Denial of Continuance for Absent Witness








The court of appeals, as part of its
analysis on the motion for continuance, held that the appellant failed to file
a sworn motion for new trial and that the motion was unaccompanied by an
affidavit from Rush or from any other source indicating the specific testimony
that the appellant expected to elicit from Rush.[28]  When the court of appeals addressed the
motion for new trial separately, it held that the appellant=s brief failed to provide the court
with any argument or authority supporting his contention that the trial court
erred in denying the motion for new trial.[29]  As a result, the court of appeals concluded
that the appellant waived appellate review of this claim.  

Although the court of appeals held
that the appellant waived this claim for review, it essentially conducted the
analysis that is called for in Parsons when it said that the motion for
new trial was not sworn and that it was not accompanied by an affidavit from
Rush or another source stating the specific facts to which Rush would
testify.  As a result, we will, once
again, address the appellant=s claim that the court of appeals opinion did not accurately
reflect the record.








 If an appellant seeks a new trial based on the
denial of a motion for continuance for an absent witness, he must file a sworn
motion for new trial, stating the testimony that the missing witness would have
provided.[30]  The appellant must include in the motion for
new trial an affidavit of the missing witness or a showing under oath from some
source that the witness would actually testify to the facts set forth in the
motion for new trial.[31]
 In a motion for new trial, general
assertions by the appellant as to how a missing witness would testify do not
constitute a Ashowing under oath from some source
that the witness would actually testify to the facts set forth in the motion
for new trial.@[32]  


The appellant=s motion for new trial is sworn
because the investigator=s affidavit is attached. 
In the context of a motion for new trial that complains of the denial of
a continuance for a missing witness, however, a sworn motion must include an
affidavit with the specific facts to which the missing witness would have
testified.  The motion and the affidavit
cite the same general assertions of Rush=s prospective testimony as put
forward in the motion for continuance. 
Neither the private investigator nor any other party acting on behalf of
the appellant actually contacted Rush and determined whether he would have been
willing to testify at all, let alone what the substance of his testimony might
have been.  The appellant=s assertion that Rush=s prospective testimony would Ago to the Defendant=s lack of intent to kill the victim
of this crime@ did not constitute the required
showing that would result in reversal for abuse of discretion.

III. Conclusion

Because the trial court did not abuse
its discretion in denying the motion for continuance or the motion for new
trial, we affirm the judgment of the court of appeals.








Delivered: December 14, 2005.

Publish.











[1]The
precise ground on which we granted review is:

 

The court of appeals, contrary to Tex. R. App. P. 66.1(f),
departed so far from the accepted and usual course of judicial proceedings that
the Court of Criminal Appeals should exercise its=
[sic] supervisory power and order the court of appeals to issue an opinion that
correctly reflects the facts in the appellate record and the arguments
presented in petitioner's brief on direct appeal.





[2]Rush=s first name is spelled differently in
different parts of the record.  We are
using the spelling that appears in the court of appeals=s
opinion.





[3]Tex. Rule App. P. 21.8(c). 





[4]Harrison
v. State, No. 01‑03‑00629‑CR, 2004 Tex. App. LEXIS 5572,
at *2-*6 (Tex. App.CHouston
[1st Dist.] June 24, 2004) (not designated for publication).





[5]Id.
at *5.





[6]789
S.W.2d 694, 698-99 (Tex. App. CHouston
[1st Dist.] 1990, no pet.).





[7]561
S.W.2d 810 (Tex. Crim. App. 1977)





[8]See,
e.g., McCloud v. State, 494 S.W.2d 888, 891 (Tex. Crim. App. 1973); Palasota
v. State, 460 S.W.2d 137, 139 (Tex. Crim. App. 1970); Collins v. State,
170 Tex. Crim. 285, 287, 340 S.W.2d 38, 40 (1960); Suit v. State, 161
Tex. Crim. 22, 25, 274 S.W.2d 701, 703 (1955); Wofford v. State, 159
Tex. Crim. 506, 510, 265 S.W.2d 110, 112‑13 (1954) (op. on reh=g); 
Morris v. State, 158 Tex. Crim. 516, 520, 251 S.W.2d 731, 733
(1952).





[9]561
S.W.2d at 817.





[10]505
S.W.2d 923 (Tex. Crim. App. 1971).





[11]494
S.W.2d 888 (Tex. Crim. App. 1973).





[12]543
S.W.2d 634 (Tex. Crim. App. 1976).





[13]Walker,
543 S.W.2d at 636 (not mentioning preservation of error, but concluding that
the trial court did not err in denying the defendant=s
motion for new trial because there was no affidavit from the witness or another
source that the witness would actually testify to the facts set out in the
motion for new trial); McCloud, 494 S.W.2d at 890-91 (not mentioning
preservation of error, but concluding that the trial court did not abuse its
discretion in denying the defendant=s
motion for continuance and motion for new trial because there was no support
for the motion for continuance and the motion for new trial did not have an
affidavit from the missing witness or another source what the witness would
have testified).





[14]Allen,
505 S.W.2d at 924.





[15]461
S.W.2d 396 (Tex. Crim. App. 1970).





[16]Id.
at 398.





[17]163
Tex. Crim. 587, 589, 290 S.W.2d 521, 523 (1956).





[18]Ibid.





[19]160
Tex. Crim. 387, 405 271 S.W.2d 643, 655-56 (1954).





[20]Id.
at 405.





[21]Ibid.





[22]Tex. Code Crim. Proc. art. 29.03.





[23]Tex. Code Crim. Proc. art. 29.08.





[24]Tex. Code Crim. Proc. art. 29.06.





[25]Ibid.





[26]Palasota,
460 S.W.2d at 139 (trial court did not err in denying motion for continuance
when motion for continuance alleged only that Afacts
which this defendant expects to prove by said witness are, in substance, facts
which will verify the defendant acted in self defense@).





[27]459
S.W.2d 834, 837 (Tex. Crim. App. 1970).





[28]Harrison,
2004 Tex. App. LEXIS 5572, at *5.  





[29]Ibid.
(citing Tex. R. App. P. 38.1(h) (AThe brief must contain a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record@);
Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992)).





[30]McCloud,
494 S.W.2d at 891; Palasota, 460 S.W.2d at 139; Collins, 170 Tex.
Crim. at 287, 340 S.W.2d at 40; Suit, 161 Tex. Crim. at 25, 274 S.W.2d
at 703; Wofford, 159 Tex. Crim. at 510, 265 S.W.2d at 112-13;  Morris,
158 Tex. Crim. at 520, 251 S.W.2d at 733.





[31]McCloud
v. State, 494 S.W.2d at 890-91. 





[32]Ibid.