In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00016-CR


______________________________




FRANKLIN JACKSON, II, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33443-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Franklin Jackson, II, has appealed from his plea of "true" to the allegations contained in the
State's motion to revoke his community supervision. Jackson was sentenced by the trial court to
twelve months' confinement.

 On appeal, Jackson contends that the court violated the prohibition against cruel and unusual
punishment by disregarding societal norms and sentencing him to incarceration rather than utilizing
other options, citing Kennedy v. Louisiana, ___ U.S. ___, 128 S.Ct. 2641 (2008). He contends this
violates the Eighth Amendment to the United States Constitution and Article I, Section 10 of the
Texas Constitution.

 To preserve such complaint for appellate review, Jackson must have presented to the trial
court a timely request, objection, or motion that stated the specific grounds for the desired ruling,
or the complaint must be apparent from the context. See Tex. R. App. P. 33.1(a)(1); Harrison v.
State, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); Williams v. State, 191 S.W.3d 242, 262 (Tex.
App.--Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely
manner); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd)
(failure to complain to trial court that sentences were cruel and unusual waived claim of error for
appellate review). We have reviewed the record of the trial proceeding. No relevant request,
objection, or motion was made. And, while this Court has held that a motion for new trial is an
appropriate way to preserve this type of claim for review (see Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.)), Jackson's motion for new trial did not contain an allegation that
the sentence was disproportionate to the offense or that it was cruel and unusual. He has not
preserved such an issue for appeal.

 Therefore, we affirm the trial court's judgment.




 Bailey C. Moseley

 Justice


Date Submitted: August 28, 2008

Date Decided: August 29, 2008


Do Not Publish



 give such
notice, the motion does not trigger the duty unless the trial court orders the State to give such notice. 
Henderson v. State, 29 S.W.3d at 625.

 The motion here was a general motion for discovery, and it did not ask either the State to give
notice of intent to introduce extraneous offense evidence, or ask the trial court to order the State to
do so. See id. at 616; Webber v. State, 21 S.W.3d at 730-31; President v. State, 926 S.W.2d at 808.

 Because Ford did not make a proper request for notice as required by Texas Code of Criminal
Procedure Article 37.07, Section 3(g), the State was not obligated to give notice, and the trial court
did not abuse its discretion in allowing evidence of the extraneous acts and offenses.

 We affirm the judgment of the trial court.

 


 William J. Cornelius*

 Justice


*Chief Justice, Retired, Sitting by Assignment


Date Submitted : December 9, 2002

Date Decided: April 25, 2003


Publish