*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-10-00598-CR

Ramon **SALINAS**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 09-02-00006-CRK
Honorable Stella Saxon, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 9, 2011

AFFIRMED

A jury convicted appellant, Ramon Salinas, Jr., of aggravated kidnapping, aggravated assault with a deadly weapon, and felon in possession of a firearm, and the trial court sentenced him to confinement for sixty years.  We affirm.

## BACKGROUND

A grand jury indicted appellant on February 3, 2009, and the trial court set a jury trial for May 17, 2010.  Appellant's first court-appointed attorney withdrew after appellant hired new

counsel, who filed his appearance on April 16, 2009. Appellant's retained counsel later withdrew, and the trial court appointed a third attorney on October 29, 2009. Appellant's third and final attorney filed a motion for continuance on May 14, 2010 and argued the motion on the first day of trial.

In the motion for continuance, appellant's attorney stated she "recently learned" that forensic fingerprint analysis was not performed on the weapon in question and argued the results of such analysis might be exculpatory. During argument before the trial court, appellant's attorney explained: "[R]ecently since last week as we've gone through all the discovery I learned that the weapon that is a very crucial element in this case was not tested for fingerprints. Now, it's important for our defense because it's the defense's position that it was somebody else involved and that somebody else fired the gun."[1] Appellant's attorney advised the trial court the other person involved was Henry Valdonado and that she had only recently learned appellant had acknowledged this person was present during the alleged crimes.

After hearing arguments from appellant's attorney and the State, the trial court stated on the record: "The court notes that the case was indicted on February the 3rd, 2009. The alleged date of offense, December 19th, 2008. And motion for continuance is filed here on . . . the eve and day of jury selection. Motion is denied."

## STANDARD OF REVIEW

In his sole issue on appeal, appellant asserts the trial court erred in denying his motion for continuance. We review a trial court's ruling on a motion for continuance for abuse of discretion. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); *De Vaughn v. State*, 239 S.W.3d 351, 355 (Tex. App.—San Antonio 2007, pet. ref'd). To establish an abuse of the trial court's discretion, the appellant must show he was actually prejudiced by his attorney's

---

[1] We note appellant was not charged with shooting the weapon.

inadequate preparation time. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995); *De Vaughn*, 239 S.W.3d at 355. That the appellant's attorney merely desired more time to prepare for trial does not alone establish abuse of discretion. *Janecka*, 937 S.W.2d at 468.

On appeal, appellant argues the trial court's denial of his motion for continuance was a clear abuse of discretion because he could not present evidence of the fingerprint analysis nor present Valdonado's testimony to the jury. Thus, appellant contends he was prejudiced because his counsel was prevented from discovering and presenting the testimonial and physical connection to Valdonado's presence at the alleged crimes.

### FINGERPRINT ANALYSIS

A review of the record shows appellant's attorney was appointed in October of 2009, but trial did not begin until May of 2010. Appellant's attorney had more than six months from the time of her appointment until trial to request forensic fingerprint analysis of the weapon. At the hearing on the motion for continuance, appellant's attorney stated on the record: "And I'm not saying that [any] of the discovery was not provided to me, Your Honor. It's just as we went along that's when we started finding out, because even the State did not know they did not have an analysis on the gun." Accordingly, appellant has not shown any specific prejudice because he cannot show he was unfairly surprised by the lack of a fingerprint analysis on the gun. *See Butler v. State*, 990 S.W.2d 298, 303 (Tex. App.—Texarkana 1999, no pet.) (concluding appellant did not show any specific prejudice by the trial court's denial of his motion for continuance based on a lack of latent fingerprint analysis).

**ABSENT WITNESS**

The record shows appellant's attorney reviewed a copy of the police report—which mentions Valdonado's name—upon her appointment. Thus, appellant was capable of discovering and inquiring into Valdonado's involvement at least six months prior to trial.

Appellant also contends he was entitled to rely on the State's subpoena of Valdonado to appear at trial. However, the record reflects that the subpoena was never served on Valdonado. Due diligence requires appellant's attorney to take further steps to ensure Valdonado's presence at trial. *See Gentry v. State*, 770 S.W.2d 780, 787 (Tex. 1988); *Hughes v. State*, 962 S.W.2d 89, 90 (Tex. App.—Houston [1st Dist.] 1997, pet ref'd). When a motion for continuance is based on an absent witness, a defendant must "show: (1) that the defendant has exercised diligence to procure the witness's attendance, (2) that the witness is not absent by the procurement or consent of the defense, (3) that the motion is not made for delay, and (4) the facts expected to be proved by the witness." *Harrison v. State*, 187 S.W.3d 429, 434 (Tex. 2005).

In order to be entitled to a continuance based on an absent witness, "the record must contain an affidavit or otherwise reflect what the absent witness would have testified to." *Gentry* at 786. Here, appellant's attorney failed to raise this argument both in the motion for continuance and at the hearing on the day of trial. As a result, appellant's attorney did not provide the facts she expected to prove by Valdonado's testimony to the trial court. Therefore, appellant has not shown specific prejudice because he did not prove any crucial testimony would be provided by Valdonado. *See Janecka*, 937 S.W.2d at 468.

**CONCLUSION**

The record reflects appellant's attorney had ample time to review the discovery, ensure and prepare for Valdonado's testimony, and request additional forensic testing. We conclude the

trial court did not abuse its discretion in denying the motion for continuance. We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish