

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00430-CR

———————————————

JASON DEAN TRUSSELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1560173R

Before Gabriel, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Jason Dean Trussell appeals from his conviction for continuous sexual abuse of a child, arguing in a single point that the trial court abused its discretion by denying his motion for continuance. *See* Tex. Penal Code Ann. § 21.02(b). We affirm.

## I. BACKGROUND[1]

In early 2005, Natalie began a relationship with Trussell. At that time, Natalie had two children from a previous marriage: Cody and Annie. Shortly after their relationship started, Natalie and Trussell began living together. Annie was approximately two years old when this occurred. Shortly after Natalie and Trussell moved in together, Natalie became pregnant with Isabel. In approximately October 2006, Natalie and Trussell, together with Cody, Annie, and Isabel, moved to a house in Fort Worth,[2] where they lived for about three years before moving to another house in late 2009. Shortly after that move, Natalie's relationship with Trussell ended, and Trussell moved out.

While Natalie, Trussell, and the children were living at the Fort Worth house, Trussell sexually abused Annie on multiple occasions. Annie testified that on one occasion, Trussell had completely undressed her, held her down on the living room

---

[1]Because this case involves a minor child, we will refer to the complainant and her family using aliases in order to protect the child's privacy. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[2]We refer to this particular house as the "Fort Worth house."

sofa, and photographed her. Annie said that after Trussell did this, he rubbed his sexual organ on her buttocks. Annie further testified that Trussell had touched her sexual organ with his fingers on multiple occasions; rubbed his sexual organ on her sexual organ on one occasion; touched her sexual organ with his mouth on one occasion; and made her touch his sexual organ with her hand on one occasion. Annie made an outcry to Natalie in 2012, several years after Trussell moved out. She testified that she did not tell anyone about the abuse because Trussell had told her that if she did, he would kill her family.

After learning of Trussell's abuse against Annie, Natalie notified the police, and Dennis Hutchins, a detective with the Fort Worth police department, was assigned to investigate. In the course of the investigation, Natalie gave Detective Hutchins the camera Trussell had used to photograph Annie. Although photographs taken with that camera were stored on a removable memory card, Natalie did not provide Detective Hutchins with any memory cards because the cards had been reformatted and were consequently unusable. That notwithstanding, Detective Hutchins informed Natalie that it was possible for the police department's forensic team to recover images from the camera even if they had been deleted and even though there were no memory cards. But after Natalie handed over the camera to Detective Hutchins and an initial forensic interview and physical examination of Annie was performed, Natalie did not hear anything from Detective Hutchins or the Fort Worth police department

3

for several years.  At that time, another Fort Worth police detective, Pawel Nabialek, who is now a Sergeant, contacted her about the case.

Sergeant Nabialek became involved in this case after the Fort Worth police department discovered that Detective Hutchins had mishandled a case and formed a task force to audit all of Detective Hutchins's cases.  Sergeant Nabialek joined that task force and was assigned to this case.  Sergeant Nabialek testified that when he received the assignment, the case was marked "pended" within the department's system, meaning it was awaiting further leads and was not closed.  Sergeant Nabialek said that a case status of "closed" meant that all investigative leads had been exhausted and that there was nothing to do on the case.  Sergeant Nabialek acknowledged that a report from Child Protective Services (CPS) in connection with its investigation of the allegations underlying the case indicated that Detective Hutchins had previously told a CPS investigator that he was going to close the case. Sergeant Nabialek also stated that Natalie had provided a statement indicating her belief that Detective Hutchins had closed the case for lack of sufficient evidence.  But Sergeant Nabialek reiterated that notwithstanding the CPS report and the statement from Natalie, when he was assigned the case, its status was pended, not closed.

Sergeant Nabialek reinvestigated the case and determined there was probable cause to arrest Trussell for continuous abuse of a child.  Consequently, Sergeant Nabialek obtained an arrest warrant, and Trussell was arrested.  A jury ultimately

4

convicted him of continuous sexual abuse of a child and assessed his punishment at thirty years' confinement.

Four days before trial started, Trussell filed a motion for continuance based on the absence of a witness, namely, Detective Hutchins. The record does not show that Trussell requested, or that the trial court held, an oral hearing on this motion. But the record contains a written order denying the motion, which the trial court signed the same day trial started. Trussell did not file a motion for new trial.

In his sole point on appeal, Trussell complains that the trial court abused its discretion by denying his motion for continuance.

## II. STANDARD OF REVIEW

We review a trial court's denial of a defendant's motion for continuance for an abuse of discretion. *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002); *Cantu v. State*, No. 02-05-00436-CR, 2006 WL 1919684, at *1 (Tex. App.—Fort Worth July 13, 2006, no pet.) (mem. op., not designated for publication). Under that standard, we will not find the trial court's ruling to be an abuse of discretion unless it fell outside the zone of reasonable disagreement. *See Gallo v. State*, 239 S.W.3d 757, 777 (Tex. Crim. App. 2007).

## III. DISCUSSION

When a defendant bases a motion for continuance on an absent witness, he must show (1) that he has exercised diligence to procure the witness's attendance, (2) that the witness is not absent by the procurement or consent of the defense,

5

(3) that the motion is not made for delay, and (4) the facts he expects the witness to prove. Tex. Code Crim. Proc. Ann. art. 29.06; *Harrison v. State*, 187 S.W.3d 429, 435 (Tex. Crim. App. 2005). The motion must show on its face the absent testimony's materiality to the court; mere conclusions and general averments do not suffice. *Harrison*, 187 S.W.3d at 435

With regard to the facts Trussell expected Detective Hutchins's testimony to establish and the materiality of that testimony, Trussell's motion contained only a couple of assertions. First, he asserted that he "expect[ed] [Detective] Hutchins to testify to and establish" that "he was the initial investigator in the case and that he dropped the case based on insufficient evidence in 2012." Second, he alleged that "[t]he testimony to be procured from [Detective] Hutchins is material to the Defendant's cause." These are merely conclusory, general averments: the first provides no factual basis for Trussell's expectation that Detective Hutchins would testify to the facts asserted in the motion, and the second is nothing more than a bare conclusion that the expected testimony was material to Trussell's case. Consequently, Trussell failed to show on the face of his motion that Detective Hutchins would provide testimony that was material to the case. *See Harrison*, 187 S.W.3d at 434–35 (stating that a motion for continuance based on the absence of a witness must show on its face the absent testimony's materiality to the court and that mere conclusions and general averments are insufficient). We conclude the trial court did not abuse its discretion by denying Trussell's motion for continuance when the motion failed to

6

show, beyond conclusory, general averments, the materiality of the testimony he expected Detective Hutchins to provide. *See id.* Accordingly, we overrule Trussell's sole point.

## IV.  CONCLUSION

Having overruled Trussell's sole point, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 26, 2019