**AFFIRMED as MODIFIED and Opinion Filed April 15, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01318-CR**

**GARY DONALD ROGERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F18-30789-J**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Garcia

Appellant was convicted of assaulting a police officer and the court assessed punishment, enhanced, at twenty years in prison. In a single issue, appellant argues the trial court abused its discretion by denying his motion for continuance because he needed the testimony of an expert who was crucial to his case. In a cross-issue, the State requests that we modify the judgment to reflect that there was no plea bargain. Finding no reversible error, we modify the judgment, and as modified, affirm.

# I. BACKGROUND

Officer Elijah Fuller responded to a call about suspects breaking into vehicles and discovered appellant with his legs hanging out of a red Volkswagen. He saw appellant open the glove compartment and wipe it down and grab a watch from the center console or glove compartment.

Officer Fuller approached appellant, asked him if he owned the car and where he lived, and requested that appellant roll down the window. Appellant claimed he could not comply because he did not have his keys. After knocking on the window to ask Officer Fuller a question, appellant opened the passenger door and fled on foot.

Officer Fuller pursued appellant and tackled him. Appellant punched the officer on his forearms and Officer Fuller punched him back to gain control. When Officer Fuller grabbed appellant's legs, appellant pulled one leg free and kicked the officer on the head. Appellant attempted to take Officer Fuller's gun from its holster and said "Gimme your gun or I'mo kill you; give gimme your gun or I'mo shoot you."

Officer Fuller believed that appellant intended to kill him so he told appellant he could run. After attempting to take the officer's gun one more time, appellant ran. Officer Fuller pursued him, and appellant was eventually apprehended when a backup officer arrived.

Appellant testified at trial and admitted he was burglarizing a car when Officer Fuller approached him. He said that when the officer tackled him they both "tumbled" and "did a summersault." According to appellant, Officer Fuller's head injury resulted from the somersault. He admitted that he threatened to shoot the officer but denied kicking him or exchanging punches with him.

After the State rested, defense counsel said she needed her expert witness to start her case and she would speak with the expert that evening. But the next day, counsel reported that she had not heard back from the expert. After appellant testified, defense counsel moved for a continuance based on the expert's unavailability. The motion was denied.

The trial court found appellant guilty. Appellant pleaded true to an enhancement and the court sentenced him to twenty years in prison.

## II. ANALYSIS

**Motion for Continuance**

Appellant's sole issue argues the trial court erred in denying his motion for continuance based on the absence of his expert witness. As discussed below, we conclude the trial court acted within its discretion in denying appellant's motion because appellant did not demonstrate the substance or materiality of the witness's testimony or the exercise of diligence in securing the witness's attendance.

We review the denial of a motion for continuance for an abuse of discretion, giving a wide degree of deference to the trial court. *See Gallo v. State*, 239 S.W.3d

–3–

757, 764 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 29.06(6). An appellant claiming the erroneous denial of a motion for continuance must show that (i) the trial court erred in denying the motion for continuance, and (ii) such denial harmed him in some tangible way. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

If a defendant's first motion for continuance is based on an absent witness, it is necessary to show (1) that the defendant has exercised diligence to procure the witness's attendance; (2) that the witness is not absent by the procurement or consent of the defense; (3) that the motion is not made for delay; and (4) the facts expected to be proved by the witness. *Harrison v. State*, 187 S.W.3d 429, 434 (Tex. Crim. App. 2005); *see* TEX. CODE CRIM. PROC. ANN. art. 29.06. It must appear to the trial court that the facts are material. TEX. CODE CRIM. PROC. ANN. art 29.06(3). "Mere conclusions and general averments are not sufficient for the court to determine the materiality of the facts, and the motion for continuance must show on its face the materiality of the absent testimony." *Harrison*, 187 S.W.3d at 434.

Subsequent motions for continuance must comply with article 29.06 and must also state (1) that the testimony cannot be procured from any other source known to the defendant, and (2) that the defendant has reasonable expectation of procuring the same at the next term of the court. TEX. CODE CRIM. PROC. ANN. art. 29.07.

The motion at issue here was defense counsel's second motion for continuance. The motion stated only that the court had appointed an expert to assist

–4–

the defense and "[the expert] is unavailable until Friday and Defendant cannot proceed without his testimony which is crucial to the defense." This does not comport with the requirements of article 29.06(3) or 29.07. *See* TEX. CODE CRIM. PROC. ANN. art. 29.06(3) (motion shall state "the facts which are expected to be proved by the witness, and it must appear to the court that they are material."); TEX. CODE CRIM. PROC. ANN. art 29.07 (additional requirements for subsequent motions).

Likewise, defense counsel's discussions with and arguments to the court did not identify the substance of the expert's testimony or establish its materiality. When counsel first informed the court that she needed the expert's testimony at trial, she admitted that there was no report, but said the expert was working on a PowerPoint. The judge expressed her understanding that the expert was going to testify about the audio for the body camera and "who said what." Defense counsel replied that she had asked the expert to do something different that involved an analysis of shadows. Counsel described it as "a way to measure sound waves so you can tell the position of things from the audio and the video." She was unable to elaborate but promised to get additional information when she spoke with the expert that night.

The next day, defense counsel reported that she had been unable to speak with her expert. When she argued her written motion for continuance, the court specifically inquired about how the testimony was critical to the defense. Counsel replied that the testimony was "to discredit the complaining witness . . . to throw doubt on his testimony . . . ."

The court confirmed counsel's position that the expert, having never interviewed the complainant and who was not present at the scene was "somehow going to cast doubt on the credibility of the complainant . . . even though [appellant] got on the stand and admitted to the basic elements of the offense that he's charged with?" Counsel responded affirmatively and offered nothing further about how the expert's testimony was critical to the defense.

In addition, defense counsel did not demonstrate diligence to procure the witness's attendance. Counsel said she contacted the expert about the new theory as she was preparing for trial but offered nothing to establish diligence in securing the expert's presence at trial.

Officer Fuller's testimony established the elements of the offense and appellant admitted to the struggle that resulted in the officer's injuries. Therefore, the court did not abuse its discretion by denying the continuance because expert testimony from an audiologist concerning "forensic shadows" was not crucial to resolving the case. Appellant's first issue is overruled.

**Modification of the Judgment**

The State's cross-point requests that we modify the judgment to reflect that there was no plea bargain. We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

Here, the record supports the requested modification. We therefore sustain the State's cross-point and modify the judgment accordingly.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191318F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GARY DONALD ROGERS,
Appellant

No. 05-19-01318-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F18-30789-J.
Opinion delivered by Justice Garcia.
Justices Myers and Partida-Kipness
participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** to reflect that there was no plea bargain.
As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered April 15, 2021