IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00324-CR

 

William Charles "Billy" Bishop,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 278th District Court

Leon County, Texas

Trial Court No. CM-03-186A

 



MEMORANDUM  Opinion










 

      Bishop appeals his conviction for
aggravated sexual assault of a child.  See Tex. Penal Code Ann. § 22.021(a)(1)(B) (Vernon Supp. 2005).  We affirm.

      In two issues, Bishop contends that he did
not receive the effective assistance of counsel.  See U.S. Const. amend. VI; Rompilla v.
Beard, 545 U.S. 374, ___, 125 S. Ct. 2456, 2462 (2005); Strickland
v. Washington, 466 U.S. 668 (1984).  “Ineffective assistance under Strickland
[v. Washington] is deficient performance by counsel resulting in
prejudice, with performance being measured against an ‘objective standard of
reasonableness,’ ‘under prevailing professional norms.’”  Rompilla, 125 S. Ct. at 2464 (quoting Strickland at 687, 688).  “[T]o establish prejudice,
a ‘defendant must show that there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  A reasonable probability is a probability sufficient to undermine
confidence in the outcome.’”  Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland at 694); see Rompilla, 125 S. Ct. at
2467.  “[C]ounsel is ‘strongly presumed’ to make decisions in the exercise of
professional judgment.”  Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (quoting Strickland at 690).

When counsel focuses on some issues to the exclusion
of others, there is a strong presumption that he did so for tactical reasons
rather than through sheer neglect.  That presumption has particular force where
a petitioner bases his ineffective-assistance claim solely on the trial record,
creating a situation in which a court “may have no way of knowing whether a
seemingly unusual or misguided action by counsel had a sound strategic motive.”

Gentry at
5-6 (quoting Massaro v. United States, 538 U.S. 500, 505 (2003))
(internal citation omitted) (argument).  “A Strickland claim must be
‘firmly founded in the record’ and ‘the record must affirmatively demonstrate’
the meritorious nature of the claim.”  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (quoting Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999)); accord Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005).  “In the absence of anything in the record
affirmatively demonstrating otherwise, we presume that . . . counsel
made a reasonable and strategic decision . . . .”  Salinas at 740.

Direct appeal is usually an inadequate vehicle
for raising such a claim because the record is generally undeveloped.  This is
true with regard to the question of deficient performance—in which counsel’s
conduct is reviewed with great deference, without the distorting effects of
hindsight—where counsel’s reasons for failing to do something do not appear in
the record.

Goodspeed at 392 (internal footnotes omitted); Thompson at 814. 
“[T]rial counsel should ordinarily be afforded an opportunity to explain his
actions before being denounced as ineffective.”  Goodspeed at 392
(quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003));
accord Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). 
“Absent such an opportunity, an appellate court should not find deficient
performance unless the challenged conduct was ‘so outrageous that no competent
attorney would have engaged in it.’”  Goodspeed at 392 (quoting Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  

      In Bishop’s first issue, he contends that
he did not receive the effective assistance of counsel at trial.  Bishop argues
that: (1) counsel did not request notice of the State’s intent to offer
evidence of Bishop’s extraneous offenses; see Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g); Tex. R. Evid. 404(b); (2) counsel
did not sufficiently examine the jury panel on voir dire;
(3) counsel elected that the trial court assess Bishop’s punishment,
see Tex. Code Crim. Proc. Ann. art.
27.02(7) (Vernon 1989); (4) counsel did not object to evidence of hearsay
statements by the victim, see Tex.
R. Evid. 801(d), 802; (5) counsel did not object to outcry
evidence, see Tex. Code Crim.
Proc. Ann. art. 38.072 (Vernon Supp. 2005); (6) counsel did not
object to other hearsay evidence; (7) counsel elicited hearsay evidence
and evidence of Bishop’s extraneous offenses; and (8) counsel did not
object to evidence of Bishop’s extraneous offenses.  Except with regard to the
punishment election, the reason for counsel’s action or inaction does not
appear in the record.  With regard to extraneous-offense notice, for example,
the record does not even show that counsel did not request notice.  We address
the punishment election below.

      In Bishop’s second issue, he contends that
the trial court erred in overruling Bishop’s motion for new trial.  See Tex. R. App. P. 21.[1]  “An appellate
court reviews a trial court’s denial of a motion for new trial under the ‘abuse
of discretion’ standard.”  Charles v. State, 146 S.W.3d 204, 208 (Tex.
Crim. App. 2004); see Harrison v. State, 187 S.W.3d 429 (Tex. Crim. App.
2005).  “We must view all the evidence in the light most favorable to the trial
court’s ruling and presume that all reasonable factual findings that could have
been made against the losing party were made against that losing party.”  Charles
at 208.  “We do not substitute our judgment for that of the trial court,
but rather we decide whether the trial court’s decision was arbitrary or
unreasonable.”  Id.  

      As to the punishment election, trial
counsel testified at the hearing on the motion for new trial.  Counsel
testified that when he advised Bishop to elect that the trial court assess
Bishop’s penalty, counsel had mistakenly believed that the court could impose
community supervision for Bishop’s offense.  See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3(a),
3g(a)(1)(E) (Vernon Supp. 2005).  The trial court plainly disbelieved that
testimony.  The trial judge stated that he believed that counsel’s trial
strategy in electing that the court assess Bishop’s punishment was to avoid the
jury’s assessing a severe punishment if the jury disbelieved Bishop’s claim of
innocence.

      Bishop does not establish that he did not
receive the effective assistance of counsel at trial.  The trial court did not
abuse its discretion in overruling Bishop’s motion for new trial.  We overrule
Bishop’s issues.

      Having overruled Bishop’s
issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance dissenting with note)*

Affirmed

Opinion
delivered and filed June 7, 2006

Do
not publish

[CRPM]

  *  “(Justice Vance dissenting
with a note)

      “(We decided in Jaubert v. State that
there was no strategic basis for defense counsel’s not requesting notice under
article 37.07, section 3(g) and that the failure to request was unreasonable
and not justified by "trial strategy."  Jaubert v. State, 65
S.W.3d 73, 81-82 (Tex. App.—Waco 2000), rev’d on other grounds, 74
S.W.3d 1 (Tex. Crim. App. 2002).  Bishop cites Jaubert, but the State
and the majority ignore it.  Furthermore, trial counsel testified at the
hearing on the motion for new trial that he thought Bishop was eligible for
probation and was not aware when he waived a jury that section 3G of article
42.12 prohibited the court from granting probation.  He said that he “does some
criminal law, but not much,” that he made a “stupid, dumb, ignorant move,” and
that he felt that Bishop was denied effective assistance of counsel.  Based
both on Jaubert and the other complained-of actions, I would reverse the
judgment because of ineffective assistance of counsel at trial.)”









[1]  Although
Bishop stated other grounds in his motion for new trial and at the hearing on
the motion, the only ground that he pursues on appeal is ineffective assistance
of counsel premised on the punishment election.








:EN-US;
mso-bidi-language:AR-SA'>