**Opinion filed January 27, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00236-CR

_____

## MAXIMILIAN JAROSLAV DOHNAL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR-18249**

## M E M O R A N D U M   O P I N I O N

The jury convicted Maximilian Jaroslav Dohnal of aggravated assault with a deadly weapon and assessed his punishment at confinement for life. We affirm.

### I. *Background Facts*

Following Dohnal's indictment, the trial court entered a scheduling order that required the State to provide notice of its intent to offer evidence of prior convictions or extraneous offenses at least fourteen days before trial. The trial court later revised this order and shortened the notice provision to at least seven days before trial. Dohnal failed to appear for a setting on his assault charge, and he was also charged with failure to appear.

By letter dated April 13, 2009, the trial court set Dohnal's case for trial on June 22, 2009. The notice refers to the aggravated assault case, but the State had given notice that it would try the failure to appear case first. Dohnal filed a motion for continuance on May 29, contending that he needed more time to review the State's discovery responses and to prepare for trial. Dohnal's motion was denied. On June 12, the State gave Dohnal a supplemental notice of its intent to offer evidence of extraneous offenses, and it also notified him that the aggravated assault case would, instead, be tried first. Dohnal filed a second motion for continuance and argued that he was having difficulty locating a material witness despite his best efforts and that he had not been given adequate notice of the State's intent to offer evidence of several extraneous offenses. The trial court denied Dohnal's motion, and the aggravated assault case proceeded to trial.

At trial, the State offered evidence that Dohnal and Michael Stump were selling drugs together and that they got into a heated argument. Later that day, Dohnal and Stump saw each other outside a convenience store. Dohnal asked Stump to follow him to the side of the store. There, Dohnal pulled out a pistol and shot Stump in the face. The jury convicted Dohnal of aggravated assault with a deadly weapon. Dohnal pleaded true to the State's enhancement allegations, and the jury assessed his punishment at confinement for life.

## II. *Issues*

Dohnal challenges his conviction with two issues, arguing that the trial court erred by denying his motion for continuance and by admitting hearsay testimony.

## III. *Discussion*

### A. *Motion for Continuance.*

We review a trial court's ruling on a motion for continuance under an abuse of discretion standard. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). To establish an abuse of discretion, Dohnal must show that he was actually prejudiced by the court's ruling. *Id.* We consider the circumstances of the case and the reasons given to the trial court at the time the request is made, and we bear in mind the general interest in the prompt and efficient administration of justice. *Rosales v. State*, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992).

Dohnal argues first that a continuance was needed because he had only ten days notice that the June 22 setting would be used to try his aggravated assault case instead of the failure to appear charge. The State responds that Dohnal was indicted for aggravated assault more than three years before his trial and that Dohnal's counsel received the ten days notice required by

2

TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (Vernon Supp. 2010). We note that counsel received notice of the June trial setting in April. Counsel's belief that the failure to appear case would be tried first was reasonable, but Dohnal was on notice that his aggravated assault case could be tried then. Dohnal, therefore, received adequate notice of his trial setting.

Dohnal next argues that he needed a continuance to secure a material witness. Dohnal advised the trial court that he was attempting to subpoena Shanna Hughitt. Counsel told the court that he had located her residence and had unsuccessfully tried twice to serve her with a subpoena, that he had talked to family members in an effort to locate her, and that her testimony was necessary to establish self-defense. Counsel told the court that Hughitt would testify that, on the day of the shooting, Stump threatened to kill Dohnal and was looking for him. Dohnal acknowledged to the trial court that another witness, Angela Ballard, could offer similar testimony, but he argues on appeal that Hughitt's testimony was not cumulative because Ballard was in custody at the time of trial and Hughitt was not.

The State contends that Hughitt was not a material witness and notes that Ballard was brought to Brown County on a bench warrant but was never called as a witness by Dohnal. The State also contends that Dohnal has not properly preserved this issue because he did not file a sworn motion for new trial describing the testimony Hughitt would have provided. In *Harrison v. State*, 187 S.W.3d 429 (Tex. Crim. App. 2005), the court described Dohnal's burden as:

> If an appellant seeks a new trial based on the denial of a motion for continuance for an absent witness, he must file a sworn motion for new trial, stating the testimony that the missing witness would have provided. The appellant must include in the motion for new trial an affidavit of the missing witness or a showing under oath from some source that the witness would actually testify to the facts set forth in the motion for new trial. In a motion for new trial, general assertions by the appellant as to how a missing witness would testify do not constitute a "showing under oath from some source that the witness would actually testify to the facts set forth in the motion for new trial."

187 S.W.3d at 435 (footnotes omitted). The State is correct that Dohnal has not discharged this burden. Moreover, no harm has been shown.

Dohnal argues that, because of her additional credibility, he needed Hughitt's testimony to establish that Stump was the first aggressor. But Stump himself admitted making the first threat. He testified that Dohnal was attempting to steal a client and that Dohnal told this client that Stump was selling cut dope. Stump overheard the conversation, and he told Dohnal, "I'll

3

deal with you later on tonight." Stump said that this incident made him angry and that he did look for Dohnal that night. Even if we ignore the lack of sworn evidence describing Hughitt's potential testimony and accept counsel's statements to the trial court as sufficient, Stump's testimony made hers cumulative. We realize that Hughitt would have purportedly also testified that Stump threatened to kill Dohnal, but that is an easy inference from Stump's "I'll deal with you later" threat.

More importantly, however, Hughitt's testimony would not have established self-defense. Dohnal used deadly force against Stump. This was appropriate only if he reasonably believed that the use of deadly force was immediately necessary to protect himself against Stump's use or attempted use of unlawful deadly force. TEX. PENAL CODE ANN. §§ 9.31(a), 9.32(a)(1), (a)(2)(A) (Vernon Supp. 2010); *see also Werner v. State*, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986) (defendant must produce some evidence that the victim used or attempted to use deadly force before a jury instruction on self-defense is appropriate). Testimony that Stump verbally threatened Dohnal sometime before the incident, without more, is insufficient.

Finally, Dohnal argues that a continuance was necessary because he was given insufficient time to investigate extraneous offenses. Specifically, Dohnal argues that he was advised of five new extraneous acts ten days before the start of trial. Dohnal relies upon the original pretrial scheduling order to argue that he was entitled to fourteen days notice. That order was, however, revised well before trial. The amended pretrial order required only seven days notice. The trial court is best positioned to determine what notice is reasonable in an individual case. Based upon the record before us, we cannot conclude that the court abused its discretion by finding Dohnal received sufficient notice because, in part, the record does not establish what additional investigation counsel would have performed and what additional information that investigation would have revealed. Issue One is overruled.

### B.   Admission of Out-of-Court Statements.

Dohnal contends that the trial court erred by allowing two witnesses to testify about out-of-court statements made by Nikki Peel, who was deceased at the time of trial, because this testimony was inadmissible hearsay and because it violated his right of confrontation. John Bradley Freese testified that, the night of the shooting, Stump and a second individual gave him a ride to a gas station. During that ride, Peel called Stump. Freese overheard the conversation. Peel sounded excited. Her voice was high-pitched. Peel told Stump that Dohnal was at her house looking for him and that he had a gun. Andrea Mendoza testified similarly. She said that,

4

on the night of the shooting, she received a frantic phone call from Peel. Peel told her that Dohnal had come into the house with a gun and was looking for Stump.

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009). We consider the ruling in light of what was before the trial court at the time the ruling was made and will uphold the trial court's ruling if it lies within the zone of reasonable disagreement. *Id.*

### 1. Right of Confrontation.

The Sixth Amendment to the U.S. Constitution guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000). A primary interest secured by the Confrontation Clause is the right of cross-examination. *Id.* The Confrontation Clause bars out-of-court testimonial statements by a witness unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

The United States Supreme Court has yet to define the outer boundaries of what constitutes a testimonial out-of-court statement, but it has identified three kinds of statements that can be regarded as testimonial: (1) ex parte in-court testimony or its functional equivalent that declarants would reasonably expect to be used prosecutorially; (2) statements contained in formalized testimonial materials such as affidavits, depositions, prior testimony, or confessions; and (3) statements that were made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010). Whether a particular out-of-court statement is testimonial or not is a question of law. *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008).

Nothing in Freese's or Mendoza's testimony suggests that Peel was concerned about a potential criminal prosecution or had any reason to believe that her statements would later be used prosecutorially. She was not involved in a formal or investigative process. She was not talking to police officers or other State officials. She was not describing past events. Instead, she was talking to Stump and a friend, and she was warning them about a potential threat. Consequently, her statements are not testimonial and the trial court did not err by overruling Dohnal's Confrontation Clause objection.

5

*2. Hearsay.*

Peel's statements are clearly hearsay and, therefore, are inadmissible absent an exception to the hearsay rule. TEX. R. EVID. 802. An excited utterance is an exception and is defined as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). The critical factor in determining whether a statement is an excited utterance is whether the declarant was still dominated by the emotions, fear, excitement, or pain of the event at the time of the statement. *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003).

The trial court did not abuse its discretion by finding that Peel's statements were excited utterances. Dohnal's brief complains of the admission of Peel's statements through Freese and Mendoza, but Stump had previously described his conversation with her. Stump testified that Peel was "pretty upset." Freese described her as being "excited. . . . Really excited" and said that her voice was high-pitched. Mendoza described Peel as being very scared and said that Peel was crying. Each of the witnesses testified that Peel was upset because Dohnal had come through her house, with a gun, looking for Stump. A reasonable person would be stressed by this and would react with fear or excitement. The testimony is sufficient to show that it was a stressful event for Peel and that she was still under the influence of the resulting emotions when she called Mendoza and Stump. Dohnal's second issue is overruled.

IV. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


January 27, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.