Opinion filed January 27,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00236-CR 

                                                    __________

 

                     MAXIMILIAN
JAROSLAV DOHNAL, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

                                                           Brown
County, Texas

                                                  Trial
Court Cause No. CR-18249

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Maximilian Jaroslav Dohnal of aggravated assault with a deadly
weapon and assessed his punishment at confinement for life.  We affirm.

I.      
Background Facts

Following
Dohnal’s indictment, the trial court entered a scheduling order that required
the State to provide notice of its intent to offer evidence of prior
convictions or extraneous offenses at least fourteen days before trial.  The
trial court later revised this order and shortened the notice provision to at
least seven days before trial.  Dohnal failed to appear for a setting on his
assault charge, and he was also charged with failure to appear.  

By
letter dated April 13, 2009, the trial court set Dohnal’s case for trial on
June 22, 2009. The notice refers to the aggravated assault case, but the State
had given notice that it would try the failure to appear case first.  Dohnal
filed a motion for continuance on May 29, contending that he needed more time
to review the State’s discovery responses and to prepare for trial. Dohnal’s
motion was denied.  On June 12, the State gave Dohnal a supplemental notice of
its intent to offer evidence of extraneous offenses, and it also notified him
that the aggravated assault case would, instead, be tried first.  Dohnal filed
a second motion for continuance and argued that he was having difficulty
locating a material witness despite his best efforts and that he had not been
given adequate notice of the State’s intent to offer evidence of several
extraneous offenses.  The trial court denied Dohnal’s motion, and the
aggravated assault case proceeded to trial.

At
trial, the State offered evidence that Dohnal and Michael Stump were selling
drugs together and that they got into a heated argument.  Later that day,
Dohnal and Stump saw each other outside a convenience store.  Dohnal asked
Stump to follow him to the side of the store. There, Dohnal pulled out a pistol
and shot Stump in the face.  The jury convicted Dohnal of aggravated assault
with a deadly weapon.  Dohnal pleaded true to the State’s enhancement
allegations, and the jury assessed his punishment at confinement for life.

II.   
Issues

Dohnal
challenges his conviction with two issues, arguing that the trial court erred
by denying his motion for continuance and by admitting hearsay testimony.

III.  Discussion

A.      Motion for Continuance. 


We review a trial court’s ruling on a motion for
continuance under an abuse of discretion standard.  Janecka v. State,
937 S.W.2d 456, 468 (Tex. Crim. App. 1996).  To establish an abuse of
discretion, Dohnal must show that he was actually prejudiced by the court’s ruling. 
Id.  We consider the circumstances of the case and the reasons given to
the trial court at the time the request is made, and we bear in mind the
general interest in the prompt and efficient administration of justice.  Rosales
v. State, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992).  

Dohnal argues first that a continuance was needed because
he had only ten days notice that the June 22 setting would be used to try his
aggravated assault case instead of the failure to appear charge.  The State
responds that Dohnal was indicted for aggravated assault more than three years
before his trial and that Dohnal’s counsel received the ten days notice
required by Tex. Code Crim. Proc.
Ann. art. 1.051(e) (Vernon Supp. 2010).  We note that counsel received
notice of the June trial setting in April.  Counsel’s belief that the failure
to appear case would be tried first was reasonable, but Dohnal was on notice
that his aggravated assault case could be tried then.  Dohnal, therefore,
received adequate notice of his trial setting.

Dohnal
next argues that he needed a continuance to secure a material witness.  Dohnal
advised the trial court that he was attempting to subpoena Shanna Hughitt.  Counsel
told the court that he had located her residence and had unsuccessfully tried
twice to serve her with a subpoena, that he had talked to family members in an
effort to locate her, and that her testimony was necessary to establish
self-defense.  Counsel told the court that Hughitt would testify that, on the
day of the shooting, Stump threatened to kill Dohnal and was looking for him.  Dohnal
acknowledged to the trial court that another witness, Angela Ballard, could
offer similar testimony, but he argues on appeal that Hughitt’s testimony was
not cumulative because Ballard was in custody at the time of trial and Hughitt
was not.

The
State contends that Hughitt was not a material witness and notes that Ballard
was brought to Brown County on a bench warrant but was never called as a
witness by Dohnal.  The State also contends that Dohnal has not properly
preserved this issue because he did not file a sworn motion for new trial describing
the testimony Hughitt would have provided.  In Harrison v. State,
187 S.W.3d 429 (Tex. Crim. App. 2005), the court described Dohnal’s burden as:

            If an
appellant seeks a new trial based on the denial of a motion for continuance for
an absent witness, he must file a sworn motion for new trial, stating the
testimony that the missing witness would have provided.  The appellant must
include in the motion for new trial an affidavit of the missing witness or a
showing under oath from some source that the witness would actually testify to
the facts set forth in the motion for new trial.  In a motion for new trial,
general assertions by the appellant as to how a missing witness would testify
do not constitute a “showing under oath from some source that the witness would
actually testify to the facts set forth in the motion for new trial.”

 

187 S.W.3d at
435 (footnotes omitted).  The State is correct that Dohnal has not discharged
this burden.  Moreover, no harm has been shown.

Dohnal
argues that, because of her additional credibility, he needed Hughitt’s
testimony to establish that Stump was the first aggressor.  But Stump himself admitted
making the first threat.  He testified that Dohnal was attempting to steal a
client and that Dohnal told this client that Stump was selling cut dope.  Stump
overheard the conversation, and he told Dohnal, “I’ll deal with you later on
tonight.”  Stump said that this incident made him angry and that he did look
for Dohnal that night.  Even if we ignore the lack of sworn evidence describing
Hughitt’s potential testimony and accept counsel’s statements to the trial
court as sufficient, Stump’s testimony made hers cumulative.  We realize that Hughitt
would have purportedly also testified that Stump threatened to kill Dohnal, but
that is an easy inference from Stump’s “I’ll deal with you later” threat.

More
importantly, however, Hughitt’s testimony would not have established
self-defense.  Dohnal used deadly force against Stump.  This was appropriate
only if he reasonably believed that the use of deadly force was immediately
necessary to protect himself against Stump’s use or attempted use of unlawful
deadly force.  Tex. Penal Code Ann.
§§ 9.31(a), 9.32(a)(1), (a)(2)(A) (Vernon Supp. 2010); see also Werner
v. State, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986) (defendant must
produce some evidence that the victim used or attempted to use deadly force
before a jury instruction on self-defense is appropriate).  Testimony that
Stump verbally threatened Dohnal sometime before the incident, without more, is
insufficient.

Finally,
Dohnal argues that a continuance was necessary because he was given
insufficient time to investigate extraneous offenses.  Specifically, Dohnal
argues that he was advised of five new extraneous acts ten days before the
start of trial.  Dohnal relies upon the original pretrial scheduling order to
argue that he was entitled to fourteen days notice.  That order was, however,
revised well before trial.  The amended pretrial order required only seven days
notice.  The trial court is best positioned to determine what notice is
reasonable in an individual case.  Based upon the record before us, we cannot conclude
that the court abused its discretion by finding Dohnal received sufficient
notice because, in part, the record does not establish what additional
investigation counsel would have performed and what additional information that
investigation would have revealed.  Issue One is overruled.

B.    
 Admission of Out-of-Court Statements.

Dohnal
contends that the trial court erred by allowing two witnesses to testify about out-of-court
statements made by Nikki Peel, who was deceased at the time of trial, because
this testimony was inadmissible hearsay and because it violated his right of
confrontation.  John Bradley Freese testified that, the night of the shooting,
Stump and a second individual gave him a ride to a gas station.  During that
ride, Peel called Stump.  Freese overheard the conversation. Peel sounded
excited.  Her voice was high-pitched.  Peel told Stump that Dohnal was at her
house looking for him and that he had a gun.  Andrea Mendoza testified
similarly.  She said that, on the night of the shooting, she received a frantic
phone call from Peel.  Peel told her that Dohnal had come into the house with a
gun and was looking for Stump.

A
trial court’s decision to admit or exclude evidence is reviewed for abuse of
discretion.  Billodeau v. State, 277 S.W.3d 34, 39 (Tex. Crim. App.
2009).  We consider the ruling in light of what was before the trial court at
the time the ruling was made and will uphold the trial court’s ruling if it
lies within the zone of reasonable disagreement.  Id.  

1.     
 Right of Confrontation.

The
Sixth Amendment to the U.S. Constitution guarantees the right of an accused in
a criminal prosecution to confront the witnesses against him.  Lopez v.
State, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000).  A primary interest
secured by the Confrontation Clause is the right of cross-examination.  Id. 
The Confrontation Clause bars out-of-court testimonial statements by a witness
unless the witness is unavailable to testify and the defendant had a prior
opportunity to cross-examine the witness.  Crawford v. Washington, 541
U.S. 36, 68 (2004).  

The
United States Supreme Court has yet to define the outer boundaries of what
constitutes a testimonial out-of-court statement, but it has identified three
kinds of statements that can be regarded as testimonial:  (1) ex parte in-court
testimony or its functional equivalent that declarants would reasonably expect
to be used prosecutorially; (2) statements contained in formalized testimonial
materials such as affidavits, depositions, prior testimony, or confessions; and
(3) statements that were made under circumstances that would lead an objective
witness reasonably to believe that the statement would be available for use at
a later trial.  Langham v. State, 305 S.W.3d 568, 576 (Tex. Crim. App.
2010).  Whether a particular out-of-court statement is testimonial or not is a
question of law.  De La Paz v. State, 273 S.W.3d 671, 680 (Tex. Crim.
App. 2008).   

Nothing
in Freese’s or Mendoza’s testimony suggests that Peel was concerned about a
potential criminal prosecution or had any reason to believe that her statements
would later be used prosecutorially.  She was not involved in a formal or
investigative process.  She was not talking to police officers or other State
officials.  She was not describing past events.  Instead, she was talking to
Stump and a friend, and she was warning them about a potential threat.  Consequently,
her statements are not testimonial and the trial court did not err by
overruling Dohnal’s Confrontation Clause objection.




 

2.  Hearsay.

Peel’s
statements are clearly hearsay and, therefore, are inadmissible absent an
exception to the hearsay rule.  Tex. R.
Evid. 802.  An excited utterance is an exception and is defined as a
“statement relating to a startling event or condition made while the declarant
was under the stress of excitement caused by the event or condition.” Tex. R. Evid. 803(2).  The critical
factor in determining whether a statement is an excited utterance is whether
the declarant was still dominated by the emotions, fear, excitement, or pain of
the event at the time of the statement. Zuliani v. State, 97 S.W.3d 589,
596 (Tex. Crim. App. 2003).  

The
trial court did not abuse its discretion by finding that Peel’s statements were
excited utterances.  Dohnal’s brief complains of the admission of Peel’s
statements through Freese and Mendoza, but Stump had previously described his
conversation with her.  Stump testified that Peel was “pretty upset.”  Freese
described her as being “excited. . . . Really excited” and said that her voice
was high-pitched.  Mendoza described Peel as being very scared and said that Peel
was crying.  Each of the witnesses testified that Peel was upset because Dohnal
had come through her house, with a gun, looking for Stump.  A reasonable person
would be stressed by this and would react with fear or excitement.  The
testimony is sufficient to show that it was a stressful event for Peel and that
she was still under the influence of the resulting emotions when she called
Mendoza and Stump.  Dohnal’s second issue is overruled.

IV.
 Conclusion

            The
judgment of the trial court is affirmed.

 

            

RICK STRANGE

JUSTICE

 

January 27, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.