NOS. 12-07-00363-CR


 12-07-00364-CR


 12-07-00365-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RUBEN MUNIZ,
§
 APPEALS FROM THE EIGHTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 RAINS COUNTY, TEXAS

 

MEMORANDUM OPINION


 Ruben Muniz appeals multiple convictions of sexual assault. In two issues, Appellant argues
that (1) the trial court erred by failing to appoint an independent psychiatrist and (2) testimony
concerning witnesses' identification of Appellant was improperly admitted because the pretrial
identification procedure was impermissibly suggestive. We affirm.


Background

 Appellant was charged by multiple indictments with thirteen counts of sexual assault of a
person under age seventeen. The allegations related to various instances of sexual contact between
Appellant and any one of three young girls. Appellant pleaded "not guilty," and the matter
proceeded to a jury trial. The record (1) of the trial reflects that, on three separate occasions, Appellant,
accompanied by one or more of these young girls, went to a hotel room in Rains County, Texas,
where he provided the girl(s) with alcohol to drink and engaged in multiple forms of sexual contact
with the girl(s). On two occasions, Appellant took pictures while engaged in sexual contact with the
girls. On one occasion, Appellant paid each of the two girls accompanying him one hundred dollars
before returning them to Rains High School. The jury found Appellant "guilty" as charged on ten
counts of sexual assault. On two counts, the jury assessed Appellant's punishment at imprisonment
for fifteen years for each offense. On the remaining eight counts, the jury assessed Appellant's
punishment at imprisonment for ten years, probated for ten years for each offense. The trial court
sentenced Appellant accordingly and ordered that each of Appellant's fifteen year sentences run
consecutively. This appeal followed. 


Court Appointed Psychiatrist

 In his first issue, Appellant argues that the trial court erred when it declined to appoint an
independent psychiatrist and denied his motion for continuance based on the absence of certain
witnesses.

Appointment of Psychiatrist

 We review a trial court's ruling on an indigent defendant's motion requesting the
appointment of an expert witness for abuse of discretion. See Perales v. State, 226 S.W.3d 531, 536
(Tex. App.-Houston [1st Dist.] 2006, pet. ref'd); Deason v. State, 84 S.W.3d 793, 796 (Tex.
App.-Houston [1st Dist.] 2002, pet. ref'd); Griffith v. State, 983 S.W.2d 282, 287 (Tex. Crim. App.
1998)). An indigent defendant has the right to have an expert appointed upon a preliminary showing
that the matters that the expert will address will likely be significant factors at trial. Perales, 226
S.W.3d at 536 (citing Rey v. State, 897 S.W.2d 333, 339 (Tex. Crim. App.1995)); see also Ake v.
Oklahoma, 470 U.S. 68, 74, 82-83, 86, 105 S. Ct. 1087, 1091-92, 1097-98, 84 L. Ed. 2d 53 (1985). 
However, a defendant must actually be indigent to be provided state funds for, or to have appointed,
such an expert. Perales, 226 S.W.3d at 536; see also Tex. Code Crim. Proc. Ann. art. 26.05(d)
(Vernon 2009). If a defendant is not indigent, then Ake does not apply. Perales, 226 S.W.3d at 536.

 It is the defendant's burden to show indigency if, as here, indigency has not already been
declared by the court. Id. To show indigency, an appellant must present more than simply an
unverified allegation that his financial situation has changed. Id. at 537; see Tex. Code Crim. Proc.
Ann. art. 26.04(m) (Vernon 2009) (In determining whether a defendant is indigent for purposes of
appointment of counsel, a court may consider the defendant's income, source of income, assets,
property owned, outstanding obligations, necessary expenses, number and age of dependents, and
spousal income.).

 In the case at hand, Appellant was represented by retained counsel. There is no indication
from the record that Appellant was indigent or made any declaration of indigency to the trial court.
Therefore, we hold that the trial court did not err in declining to appoint an independent psychiatrist.

Denial of Motion for Continuance

 Appellant further argues that the trial court erred in denying his motion for continuance. We
review the denial of a motion for continuance for abuse of discretion. See Franklin v. State, 858
S.W.2d 537, 539-40 (Tex. App.-Beaumont 1993, pet. ref'd). By his motion, Appellant sought to
continue the trial of the case because certain doctors whose testimony he sought to procure by
subpoena had challenged their respective subpoenas. When a defendant's motion for continuance
on such grounds is denied, it is incumbent upon the accused, who wishes to rely upon the alleged
error of the court, to file a motion for new trial and there make a showing with some degree of
reliability that the witness would have testified to something material and beneficial to the
defendant. (2) See Tex. Code Crim. Proc. Ann. art. 29.06(3) (Vernon 2009); Harrison, 187 S.W.3d
at 433. A mere recitation that the appellant expects to prove certain things by the witness is not
sufficient. Harrison, 187 S.W.3d at 433. Furthermore, a trial court does not abuse its discretion in
denying a motion for continuance where the evidence does not indicate a probability that the missing
witness can be located with the help of a postponement of the trial. See Franklin v. State, 858
S.W.2d 537, 539-40 (Tex. App.-Beaumont 1993, pet. ref'd).

 In the instant case, Appellant did not file a motion for new trial. Consequently, we must look
to his motion for continuance to determine if he met his burden with regard to the substance of the
testimonies of the witnesses whose presence was made the basis of his motion for continuance. In
his verified motion, Appellant states, "Defense counsel would expect that the witnesses would testify
that the defendant was suffering from severe mental illness." Appellant further states, "These
witnesses would also counter the prosecutor's contention that the Defendant fled to the VA hospital
to avoid prosecution and that he removed incriminating items from his apartment." 

 Concerning the witnesses' testimonies regarding Appellant's mental illness, Appellant
offered no further details pertaining to what testimony, if any, would underlie such experts' opinions. 
Furthermore, Appellant's summation of these witnesses' testimonies regarding mental illness does
not, by itself, relate to the trial court or this court any indicia of reliability regarding the subject
matter of the witnesses' testimonies. Further still, Appellant makes no attempt to elaborate on the
materiality of the testimony supposedly contradictory to allegations that Appellant fled to the VA
hospital to avoid prosecution or that he removed incriminating items from his apartment. (3) Moreover,
there is no indicia of reliability concerning this testimony. 

 Finally, Appellant's motion for continuance does not indicate that there is any probability that
the objections of these absent witnesses, who have challenged Appellant's attempt to procure their
testimony by subpoena, can be overcome with the help of a postponement of the trial. See Franklin,
858 S.W.2d at 539-40. As such, we conclude that the trial court did not abuse its discretion in
denying Appellant's motion for continuance because Appellant failed to meet his burden under
article 29.06. Appellant's first issue is overruled. 


Identification Procedure

 In his second issue, Appellant argues that the testimony by a law enforcement officer that
Appellant was identified by witnesses should not have been admitted because the identification
procedure used, which involved showing each witness a single photograph of Appellant, was
impermissibly suggestive.

 Deciding whether a pretrial identification procedure was impermissibly suggestive is a mixed
question of fact and law. Loserth v. State, 963 S.W.2d 770, 772-73 (Tex. Crim. App. 1998). We
apply a de novo standard of review for mixed questions of law and fact that do not turn on an
evaluation of credibility or demeanor. Id. at 773. To challenge the admissibility of a pretrial
identification, an appellant has the burden to show, by clear and convincing evidence, based on the
totality of the circumstances, that the pretrial identification procedure (1) was impermissibly
suggestive and (2) created a substantial likelihood of irreparable misidentification. See Barley v.
State, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995).

 Appellant's sole support for his position is Loserth, a case in which the court considered
whether a single photograph identification procedure was permissible. Yet Appellant fails to set forth
in his brief any analysis concerning how the factors enumerated in Loserth (4) apply to the case at hand. 
Rather, Appellant merely argues that the trial court did not itself apply the factors set forth in
Loserth. (5)

 While the use of a single photograph is suggestive, it does not necessarily render
identification testimony inadmissible per se. Wilkerson v. State, 901 S.W.2d 778, 782 (Tex.
App.-Beaumont 1995, no pet.) (citing Herrera v. State, 682 S.W.2d 313, 318-19 (Tex. Crim. App.
1984), aff'd, Herrera v. Collins, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993)). Even
assuming arguendo that the identification procedure at issue was indeed impermissibly suggestive,
Appellant still has the burden to demonstrate that, under the totality of the circumstances, the
"photographic identification procedure was so impermissibly suggestive as to give rise to a very
substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377,
384, 88 S. Ct. 967, 971, 19 L. Ed. 2d 1247, 1253 (1968); Tex. R. App. P. 38.1(h). If the totality of
the circumstances reveals no substantial likelihood of misidentification despite the suggestive
identification procedure, then the identification testimony will be deemed reliable and, therefore,
admissible, since "reliability is the linchpin in determining the admissibility of identification
testimony." Manson v. Brathwaite, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140, 154
(1977). 

 Here, Appellant has failed to offer any meaningful argument in his brief that the photographic
identification procedure of which he complains was so impermissibly suggestive as to give rise to
a very substantial likelihood of irreparable misidentification. Appellant's heavy burden with regard
to this essential element does not end with the overruling of his objection at trial. Rather,
Appellant's brief must contain a clear and concise argument for the contentions made. See Tex. R.
App. P. 38.1(h). Authorities alone are not sufficient to comprise an argument that suffices under rule
38.1(h). Mack v. State, No. 12-02-00037-CR, 2003 WL 23015101, at *2 (Tex. App-Tyler Dec. 23,
2003, pet. ref'd) (citing Bradt v. West, 892 S.W.2d 56, 69 (Tex. App.-Houston [1st Dist.] 1994, writ
denied)). An appellant's brief should argue to the court the law and the facts that weigh in the
party's favor. See Mack, 2003 WL 23015101, at *2 (citing McFarland v. Sanders, 932 S.W.2d 640,
647 (Tex. App.-Tyler 1996, no writ)); see also Wyatt v. State, 23 S.W.3d 18, 23 n.5 (Tex. Crim.
App. 2000) (It is not the responsibility of an appellate court to concoct arguments for an appellant
where an issue is inadequately briefed.). Therefore, because Appellant has failed to make any cogent
argument concerning a critical element underlying the issue he raises, he has not met his burden and
has waived the issue on appeal. See Tex. R. App. P. 38.1(h). Appellant's second issue is overruled.


Disposition

 Having overruled Appellant's first and second issues, we affirm the trial court's judgments.




 SAM GRIFFITH 

 Justice



Opinion delivered May 29, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.



(DO NOT PUBLISH)
1. Appellant has not challenged the sufficiency of the evidence.
2. Such a showing can be made concurrently with the filing of the motion for continuance, but is not a
prerequisite to such a filing. See Harrison v. State, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005).
3. There is likewise no indication how any of these doctors would have acquired any of the knowledge
underlying such testimony.
4. In Loserth, the court set forth the following five nonexclusive factors enunciated in Neil v. Biggers, 409
U.S. 188, 199-200, 93 S. Ct. 375, 382, 34 L. Ed. 2d 401 (1972): (1) the opportunity of the witness to view the
criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior
description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the
length of time between the crime and the confrontation. See Loserth, 985 S.W.2d at 543.
5. We do not read the court's opinion in Loserth to require that the trial court make express findings with
regard to the Biggers factors. Rather, where the trial court does not make an express finding, we must view the facts
in a light favorable to the trial court's ruling. See Loserth, 985 S.W.2d at 544.