

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00063-CR

---

BRIAN PORTER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 09F0430-202

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Brian Porter appeals the revocation of his community supervision. On July 15, 2011, Porter was convicted of burglary of a habitation and placed on community supervision for ten years. About a year later, the State filed a motion to revoke in this case and in a companion case involving a forgery conviction.[1] On March 5, 2013, the trial court conducted a hearing, found the allegations true, revoked his community supervision, and sentenced Porter to ten years' imprisonment. Porter contends that he was denied due process of law under the United States and Texas Constitutions because his motion for a continuance was denied, which prevented an adequate preparation of his defense.

## I.    Background Facts

The following timeline provides the framework for Porter's claim:

| | |
|---|---|
| August 23, 2012 | The State filed a motion to revoke community supervision. |
| February 13, 2013 | Newly retained counsel made her first appearance in the case, substituting for the public defender's office. The trial court set the revocation motion for hearing on February 27. |
| February 27, 2013 | The hearing on the State's motion to revoke was cancelled due to "an emergency hearing in another cause." The case was reset on the March 4, 2013, docket. |
| March 4, 2013 | When a criminal case set for trial this week was disposed of without trial, the trial court set this matter for hearing on March 5, 2013. |
| March 5, 2013 | The court conducted a hearing on the State's motion to revoke. |

---

[1]The companion case is cause number 06-13-00064-CR, *Brian Porter v. The State of Texas*.

Porter filed a handwritten motion to continue the case, contending that he had insufficient time to notify witnesses because the trial court set the matter for hearing with only one day's notice to the parties. The State responded that Porter was afforded the requisite ten-day notice, giving him the time and opportunity to identify and notify witnesses before the initial setting, but he was unable to identify any witness. Therefore, the State argued due process was not violated by proceeding on such short notice for the second setting.

## II.     Preservation of Error

The general rule for preservation of error is well established—to preserve an issue for appeal, the issue must be presented to the trial court in a timely manner, the trial court must rule on the issue, and that ruling must be adverse to the appealing party. TEX. R. APP. P. 33.1. Here, a written motion was presented to the trial court and an adverse ruling was entered, and that appears to be adequate to preserve the issue for appeal.[2] At one time, Texas law recognized a special requirement in allegations arising from motions to continue; some previous cases held that to preserve error on the denial of a motion for a continuance premised on witness unavailability, a defendant was required to file a motion for new trial with an affidavit from or about the missing witnesses. *See Benoit v. State*, 561 S.W.2d 810, 817 (Tex. Crim. App. 1977). That is no longer the law. The Texas Court of Criminal Appeals has clarified that the

---

[2]A motion for continuance must be in writing and sworn to by a person having knowledge of the facts. TEX. CODE CRIM. PROC. ANN. art. 29.08 (West 2006). In this case, the motion was signed by Porter stating, "I attest the information provided is true and accurate and I am over 18 years old." The notation, "Notary unavailable," appears near Porter's signature. One important feature of a sworn writing is that it subjects the affiant to the penalty of perjury. A person cannot commit perjury unless the person makes a false statement under oath or a false unsworn statement under Chapter 132 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West Supp. 2013); TEX. PENAL CODE ANN. § 37.02 (West 2011). The State does not argue that this is an unsworn statement, and we will not address the issue.

continuance issue is properly raised by presenting a written motion to continue to the trial court. *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005). In other words, the general rule of issue preservation governs the issue of a continuance in the same manner as any other issue. We find that Porter properly preserved the continuance issue.

## III. The Motion to Continue

### A. No Trial Court Error

We review a trial court's ruling on a motion for continuance for abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). To reverse a case stemming from a trial court's denial of a motion to continue, an appellant must demonstrate that the denial was error and it resulted in harm. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). First, we must decide if the trial court erred in denying the motion to continue and, if so, we will consider whether such error was harmful. *Id.* Here, the argument is that the trial court set with only one day's notice. This argument ignores the documented history of the case. The revocation hearing was originally set for February 27, 2013, but was cancelled due to an emergency hearing in another matter. As a result and on that same day—February 27, 2013— the trial court re-set the hearing on the March 4, 2013, docket. The hearing was actually conducted on March 5, 2013. This is not a case that was set with only one day's notice. At least two weeks' notice of the setting was given, but due to the trial court's schedule, it was reset for the following day.[3]

---

[3]The trial court has an obligation to dispose of its docket in a timely manner. Most trial judges know from experience that all cases set during the week will not be tried. A common practice is to "overbook" a date with the realization that some cases will be disposed of without trial by plea negotiation or otherwise. This case is an example of an attempt to maintain a current docket while giving proper notice of trial to the affected parties.

The Court of Criminal Appeals has recognized a diligence requirement as a precondition for a continuance based on the need for additional trial preparation. *Id.* A handwritten motion for continuance for additional trial preparation was filed immediately before the trial. If counsel needed to attempt to contact witnesses or research the law, that could and should have been attempted before the setting for February 27 or March 4. The trial court could have reasonably rejected the motion to continue as it did not allege any diligence on Porter's part in attempting to contact witnesses or research applicable law. *See id.* We find that the trial court did not err in denying the motion to continue.

### B.     Harm Analysis

Even if the trial court had erred in denying the motion for continuance, such error would not be reversible absent some showing of harm. We find reversible error only if the record shows with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had. *Id.* at 842. Typically, a defendant can make such a showing only at a hearing on a motion for new trial because only then will he be able to produce evidence regarding additional information, evidence, or witnesses the defense would have had available if the trial court had granted the motion for delay. *Id*. at 842–43; *Nwosoucha v. State*, 325 S.W.3d 816, 825–26 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Porter complains that the setting precluded him from notifying any witness. Yet, no witness is identified in the motion and no witness affidavit or sworn statement by counsel exists explaining the identification of a witness or the substance of the unavailable testimony. No motion for new trial was filed, thus there was no hearing in which such information could have

5

been provided.  Without such evidence, even if the trial court had erred in denying the motion, we could not conclude that the error harmed the defendant.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     January 17, 2014
Date Decided:       January 30, 2014

Do Not Publish

6