

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00162-CR

MICHEL MARIE EMERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR14-222

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

At her revocation and adjudication hearing, Michel Marie Emerson moved, orally, for a continuance, requesting more time to meet with her counsel. The trial court denied the motion. After finding that Emerson had violated the terms of her community supervision, the trial court adjudicated her guilty of the original charge and sentenced her to three years' imprisonment. In a single issue on appeal, Emerson complains that the trial court abused its discretion by denying her oral motion for continuance of the revocation hearing. Because we find that Emerson did not preserve this issue for our review, we will affirm the judgment of the trial court.

## I. Background

Pursuant to a plea bargain agreement, Emerson pled guilty on April 14, 2015, to possessing a prohibited substance or item in a correctional facility.[1] After receiving evidence of her guilt, the trial court deferred adjudication and placed Emerson on community supervision for five years. On August 4, 2017, the State filed its motion to revoke her community supervision and to proceed to adjudication, in which it alleged that Emerson had violated seven terms and conditions of her community supervision. On July 28, 2018, the trial court appointed counsel for Emerson and set the hearing on the State's motion for August 9, 2018.

At the hearing, counsel for Emerson announced that he was not ready and advised the trial court that he had met Emerson for the first time that morning and that he had not had time to ask her about the allegations. Emerson then requested the trial court to continue and reset the case, which request was denied.

---

[1]*See* TEX. PENAL CODE ANN. § 38.11(b) (West Supp. 2018).

2

The State then announced that pursuant to an agreement with Emerson, it was withdrawing three of its allegations and that Emerson would plead true to four of the allegations in exchange for a cap on punishment of three years' imprisonment. After accepting Emerson's plea of true to the four remaining allegations, the trial court received Emerson's testimony. At the conclusion of the testimony, the trial court found that Emerson had committed four violations of the terms and conditions of her community supervision and revoked her community supervision. The trial court then adjudicated her guilty of the original offense and sentenced Emerson to three years' imprisonment.

## II.     Emerson Did Not Preserve her Complaint

In a single issue, Emerson complains that the trial court abused its discretion by denying her oral motion for continuance. Emerson points to her testimony and argues that had her counsel received additional time to prepare, he would have been able to elicit crucial testimony from her. Emerson does not state what that testimony might have been. The State argues that Emerson has not preserved this issue for our review. We agree.

On the written motion of either party that shows a sufficient cause that is set forth fully in the motion, the trial court may continue a criminal action. TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006); *Harrison v. State*, 187 S.W.3d 429, 434 (Tex. Crim. App. 2005). Further, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08 (West 2006); *Harrison*, 187 S.W.3d at 434. The Texas Court of Criminal Appeals has "construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a

continuance." *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) (citations omitted). Thus, when the trial court denies a party's unsworn oral motion for continuance, the party forfeits any right to complain about the denial on appeal. *Id.*

In this case, Emerson did not file a sworn motion for continuance, but relied solely on her unsworn oral motion asserted at the beginning of the revocation hearing. Consequently, Emerson forfeited her right to complain of the trial court's denial of her motion for continuance, and she preserved nothing for our review. *See id.* We overrule Emerson's sole issue.

## III.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:      January 18, 2019
Date Decided:        January 25, 2019

Do Not Publish

4