

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00009-CR
No. 07-18-00063-CR

LUIS ROMERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2016-410,249, Honorable John J. "Trey" McClendon III, Presiding

March 19, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

A jury convicted appellant, Luis Romero, on two counts of aggravated sexual assault of a child.[1]  On appeal, appellant submits a single issue, by which he contends that the life sentence imposed constitutes cruel and unusual punishment.  We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2018).

## Background

Appellant pleaded not guilty to two counts of aggravated sexual assault of a child. Following a jury trial, he was found guilty on both counts. The offense is classified as a first-degree felony. TEX. PENAL CODE ANN. § 22.021(e) (West Supp. 2018). As such, the range of punishment specified for appellant's offense included imprisonment for life or for any term of not more than 99 years or less than five years. *Id.* § 12.32(a) (West 2011). The trial court assessed his punishment at life in prison.

Appellant filed a motion for new trial and motion in arrest of judgment, which were not granted. This appeal followed.

## Preservation of Complaint

Appellant argues that the imposition of a life sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution; Article I, Section 13 of the Texas Constitution; and Article 1.09 of the Texas Code of Criminal Procedure. He contends that, although the sentence is within the range authorized by statute, it is grossly disproportionate in light of his poor physical health, the lack of evidence of prior criminal convictions, and the federal "hold" on him due to his undocumented immigration status. The State responds that appellant failed to preserve this claim for appellate review. Alternatively, the State asserts that the sentence has not been shown to be grossly disproportionate.

For an appellate court to review a complaint, an appellant must preserve the complaint by timely request, objection, or motion presented to the trial court that states the specific grounds for the complaint, or the complaint must be apparent from the context

of the trial. TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005). A claim that a punishment is cruel and unusual must be raised in the trial court or it will be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc); *Wise v. State*, 223 S.W.3d 548, 554 (Tex. App.—Amarillo 2007, pet. ref'd).

Here, the record discloses that, after the judge pronounced a life sentence, appellant voiced no objection. Appellant subsequently filed a timely motion for new trial and motion in arrest of judgment. In his motion, appellant argued that the verdict was contrary to the law and the evidence, but he did not contend that the sentence was cruel and unusual. Although a motion for new trial may serve to preserve a complaint for appeal, *see Williamson v. State*, 175 S.W.3d 522, 523-24 (Tex. App.—Texarkana 2005, no pet.), a general objection that makes no specific reference to a claim of cruel and unusual punishment does not preserve the issue for appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Redd v. State*, No. 06-08-00001-CR, 2008 Tex. App. LEXIS 7969, at *10-11 (Tex. App.—Texarkana Oct. 20, 2008, no pet.) (mem. op., not designated for publication). Because appellant did not raise his complaint in the trial court, he has not preserved it for our review. Accordingly, we decide this issue against him.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.