**AFFIRMED and Opinion Filed October 25, 2022**



**In The**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01156-CR**

**JUSTICE CODY MCCOY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-80798-2021**

# MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Garcia

A jury convicted appellant of aggravated assault with a deadly weapon and assessed punishment at eighteen years in prison. In three issues, appellant argues: (i) the trial court erred in denying his second motion for continuance; (ii) the trial court abused its discretion by excluding his physician's testimony about a traumatic brain injury; and (iii) the trial court erroneously denied his request to present an insanity defense. Concluding appellant's arguments are without merit, we affirm the trial court's judgment.

## Background

On the day in question, appellant called 911 to report that he believed he had stabbed a woman in Fairview, Texas. When the police arrived, appellant was standing outside his white truck with his hands up and a knife laid on the tailgate. Appellant was wearing a green shirt with dark pants and had blood stains on his clothes, face, and arm.

Appellant lived in an apartment one floor above AE, the complainant, but she had never seen him before the attack. When she left her apartment to go work out that morning, she heard keys jingling. She turned and saw a man coming down the stairwell as she passed.

When AE put her car key in the lock, the man came up from behind her and slid a knife across her throat. AE dropped her belongings and fought back, and her fingers were severely injured in the process. She ran to her apartment and banged on the door. Her boyfriend opened the door and took her to the hospital, and a neighbor called 911.

AE described the man who attacked her as wearing a green shirt and dark pants. She believed he left in a white pickup truck.

Appellant was charged with aggravated assault with a deadly weapon. A jury found him guilty of the charged offense and assessed punishment at eighteen years in prison. The trial court entered judgment accordingly and this timely appeal followed.

**Analysis**

## A.     The Motion for Continuance

Appellant's first issue argues the trial court erred in denying his second motion for continuance. Specifically, he argues that he was unable to prepare an adequate defense because his mitigation expert had not had time to evaluate appellant and he needed more time to prepare for three additional charges against him.[1]

We review the denial of a motion for continuance for an abuse of discretion, giving a wide degree of deference to the trial court. *See Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 29.06(6). A defendant must satisfy a two-prong test to show reversible error predicated on the denial of a pretrial motion for continuance. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). First, the defendant must show that "the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Id.* Second, the defendant must show that he was actually prejudiced by the denial of his motion. *Id.*

The State evaluates the denial of the motion as involving an absent witness. While we agree that appellant's motion did not comport with the requirements of

---

[1] The State provided notice of its intent to present evidence of appellant's 2015 juvenile probation for aggravated sexual assault of a child and two 2020 indictments for sexual assault of a child.

article 29.06(3) or 29.07, *see* TEX. CODE CRIM. PROC. ANN. art. 29.06(3) (motion shall state "the facts which are expected to be proved by the witness, and it must appear to the court that they are material."); TEX. CODE CRIM. PROC. ANN. art. 29.07 (additional requirements for subsequent motions), neither the written motions nor the arguments to the court argued that the mitigation expert was not available.[2] Instead, the essence of appellant's argument was that the expert needed additional time to assess and prepare. He seeks to advance this same argument on appeal.

Counsel entered an appearance in the case on March 16, 2020 and filed his first motion for continuance on August 25, 2021. The first motion argued that counsel's trial and appellate docket was very busy, and he was still awaiting receipt of the medical records he subpoenaed. There was no mention of the additional offenses. The court granted the motion to allow time for a mitigation expert to review the case and re-set the trial for December 14, 2021. Appellant's counsel subsequently requested and received additional funds for the expert.

---

[2] If a defendant's first motion for continuance is based on an absent witness, it is necessary to show (1) that the defendant has exercised diligence to procure the witness's attendance; (2) that the witness is not absent by the procurement or consent of the defense; (3) that the motion is not made for delay; and (4) the facts expected to be proved by the witness. *Harrison v. State*, 187 S.W.3d 429, 434 (Tex. Crim. App. 2005); *see* TEX. CODE CRIM. PROC. ANN. art. 29.06. It must appear to the trial court that the facts are material. TEX. CODE CRIM. PROC. ANN. Art. 29.06(3). "Mere conclusions and general averments are not sufficient for the court to determine the materiality of the facts, and the motion for continuance must show on its face the materiality of the absent testimony." *Harrison*, 187 S.W.3d at 434.

Subsequent motions for continuance must comply with article 29.06 and must also state (1) that the testimony cannot be procured from any other source known to the defendant, and (2) that the defendant has reasonable expectation of procuring the same at the next term of the court. TEX. CODE CRIM. PROC. ANN. art. 29.07.

The second motion for continuance was filed on November 16, 2021. The motion does not explain why additional time is needed. Instead, it simply recounts the history of requesting an expert in August and subsequently requesting and receiving additional funding. Nothing in the motion suggests that the expert is unavailable.

The court heard the motion on December 3, 2021. Appellant's counsel told the court that he still had a busy docket and the mitigation expert had insufficient time to complete the report. The court observed that counsel's busy docket may have prevented him from realizing that he needed a mitigation expert before his August request. The motion was denied.

Appellant's counsel re-urged the motion on the day of trial. Counsel argued that the expert's report was not complete, but the expert had interviewed appellant. During that interview, "some concerns did come up [from the expert's interview of appellant] . . . regarding possible–not having competence during the time he was accused of the offense, and he just didn't have enough information to go into it." Counsel told the court that the expert needed more time to review the medical records "so that he can prepare, if necessary, [an] insanity defense during the time of the commission of the offense." Counsel then confirmed that appellant was "currently competent and knows what is going on." Again, there was no mention of evaluating the three additional offenses. The motion was denied.

Appellant now argues that he needed additional time to evaluate the three additional charges and for the expert to complete his assessment. Because the first aspect of the argument was not raised in the court below, it was not preserved for our review. *See* TEX. R. APP. P. 33.1. Therefore, our inquiry is confined to appellant's request for a continuance to allow the expert more time to prepare.

Appellant's request for more time for his expert to conduct an evaluation was unsubstantiated. Other than a reference to the expert reviewing numerous telephone calls, he offered no details about what the expert had been provided or reviewed. Although counsel stated that the expert's report was not complete, he provided no detail about what further steps or additional information was required. And he offered no estimate of the time necessary to complete these tasks. Indeed, at that juncture, there was no indication that the expert had formed any opinions. Instead, additional time was requested to assess the viability of a defense. Moreover, appellant was not entirely clear about whether the expert wanted to investigate competence or insanity, nor did he distinguish between the two.[3]

The *Gonzalez* court observed that a defendant filing a motion for continuance based upon a need for additional trial preparation must show diligence as a precondition to the motion. *Gonzalez*, 304 S.W.3d at 843. To this end, the court

---

[3] "The defense of insanity at the time of the offense . . . and the test for incompetency to stand trial . . . are wholly distinct issues with no common elements. *Grahm v. State*, 566 S.W.2d 941, 954 (Tex. Crim. App. 1978). "Furthermore, to the extent that both issues are concerned with the mental status of the person, they are concerned with that status at different times." *Id.*

noted that "[a] request for delay to permit further investigation or other preparation for trial is based on nonstatutory and therefore equitable grounds. It is particularly within the discretion of the trial court. *Id*. at 844 n.11.

Here, the trial court could reasonably conclude that appellant and his expert had ample opportunity to assess potential defenses but failed to diligently do so. As the court noted during the second hearing, appellant did not act on his need for a mitigation expert until August, several months after he appeared in the case. Nonetheless, the court gave counsel an additional three months to complete the mitigation review. The retention of the expert was promptly approved, as was the request for additional funds. Yet the expert did not interview appellant until sometime after the December 5 hearing on the motion. There was no mention of an insanity defense until the day of trial, and even then, appellant could not be any more specific than describing it as a "possibility," based on the expert's amorphous "concerns." And there is nothing to indicate that additional investigation would have yielded a viable defense.

In addition, the trial court could also consider the previous continuance at appellant's request, as well as the fact that the very purpose of that prior continuance was to facilitate the mitigation expert's review of the case. *See Rosales v. State*, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992) (previous continuance may be relevant). As the trial judge noted, she had already made accommodations for counsel's busy schedule, and there was no indication that his need for further accommodations

would not persist. The judge also said that she had not yet heard whether the court or the jury would decide punishment, but if it was the former, she would have a lot more leeway to spread things out a bit more.

On this record, appellant's argument that he had inadequate time, without more, does not establish an abuse of discretion. *See Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995) (asserting that counsel did not have adequate time to investigate medical records for potential mitigating evidence failed to establish abuse of discretion).

Moreover, appellant has not demonstrated that the denial of his motion caused prejudice. To show prejudice requires "considerable specificity as to how the defendant was harmed," such as by demonstrating "what additional information, evidence, or witnesses the defense would have had available if the motion for delay had been granted." *Gonzales*, 304 S.W.3d at 842–43. Ordinarily, this showing can be made only at a motion for new trial. *Id.*

There was no motion for new trial here, and appellant's brief offers only that he "was clearly harmed." This bare assertion does not suffice to establish prejudice. *See Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). Accordingly, we conclude that appellant has not shown that his "case for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in

–8–

delay of the trial" nor has he demonstrated "with considerable specificity" how he was harmed. *Id.* Appellant's first issue is resolved against him.

## B.      The Expert Testimony

Appellant offered the testimony of Dr. Louis Coates, his family physician, to show a "possible physical impairment that would likely negate appellant's mental state at the time of the offense." The State objected to the testimony as not relevant, and the objection was sustained. Appellant's second issue argues that the exclusion of this testimony was erroneous.

We review the trial court's exclusion of evidence for an abuse of discretion. *See Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009). As long as a trial court's decision is within the zone of reasonable disagreement, no abuse of discretion occurs. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

Texas law presumes that a criminal defendant intended the natural consequences of his acts. *Ruffin v. State*, 270 S.W.3d 586, 591 (Tex. Crim. App. 2008). Evidence that is relevant to negate that intent, including evidence of a defendant's history of mental illness, mental diseases, or defects may be admissible. *Id.* at 593–595. But such evidence may still be excluded if it does not meet the requirements under the evidentiary rules and if it does not truly negate the required *mens rea*. *Id*. at 595-96; *see also Mays v. State*, 318 S.W.3d 368, 381 (Tex. 2010) (mental illness testimony may be relevant for mitigation during the punishment

phase, but "expert testimony that does not directly rebut the culpable mental state usually may be excluded at the guilt phase.").

Dr. Coates testified at a hearing outside the jury's presence. He said that appellant was a patient from 2005-2017, and he first saw appellant when he was nine years old.

In 2010, appellant was in a car accident that resulted in a concussion and pelvic fracture. Appellant complained of syncopal episodes, also known as "blackouts" twice during the time he was a patient. The first episode was the concussion caused by the car accident head trauma. The second episode was in 2017, two years before the offense.

Dr. Coates admitted that appellant was diagnosed with syncopal episodes from a therapeutic, not psychological level. He was not referred to a neurologist, and Dr. Coates could not locate in his records whether appellant had been given diagnostic tests or what the results might have been. He said that he would not be able to testify that because of one syncopal episode appellant did not know right from wrong and did not know what he was doing at the time of the offense. He further admitted that his testimony would be based solely on appellant's self-reported blackout in 2017 and the concussion he suffered in 2010.

Dr. Coates testified that syncopal episodes cause people to collapse to the ground and not remember what happened, and that recurrent concussions can cause

the inability to function and think correctly. But he conceded that recurrent concussions were not part of appellant's medical history.

Aggravated assault with a deadly weapon can be committed intentionally, knowingly, or recklessly. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). A person acts intentionally when it is his conscious objective or desire to engage in the conduct of cause the result. TEX. PENAL CODE ANN. § 6.03(a). A person acts knowingly when he is aware of the nature of his conduct or that the circumstances exist. *Id*. §6.03(b). A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. *Id*. at 6.03(c). Dr. Coates's testimony about appellant's syncopal episodes would not negate any of these mental states at the time appellant committed the offense.

Appellant's self-reported blackout occurred in 2017—two years prior to the offense. There is no evidence that he experienced a syncopal episode when he committed the assault, nor is there evidence of any other impairment that would negate his mental state at that time. The concussion appellant experienced in 2010 is even further removed, and there is no evidence that he continued to experience any ill effects nine years later.

Appellant also argues that the medical records were admissible to show that he had multiple years of treatment for ADHD and sleep issues. But the records were not offered or admitted into evidence, and Dr. Coates did not testify about any of these issues. Instead, at the court's suggestion, the records were included in the Dr.

Coates offer of proof for record purposes only. Appellant did not mention the ADHD or the sleep issues during that offer of proof, nor did he argue that these issues negated his mental state at the time of the offense.

Based on the foregoing, we conclude the trial court did not abuse its discretion by excluding Dr. Coates's testimony. *See Nikmanesh v. State*, No. 05-16-00363-CR, 2017 WL 2774445, at *3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op., not designated for publication) (expert testimony properly excluded because it did not negate mental state); *Cortez v. State*, No. 03-18-00751-CR, 2020 WL 6495107, at *8-9 (Tex. App.—Austin Nov. 5, 2020, no pet.) (mem. op., not designated for publication) (trial court did not abuse its discretion in excluding doctor testimony about defendant's mental illness because the doctor could not testify that he was having a dissociative episode at the time of the offense and doctor acknowledged he was relying on self-reporting from defendant).

Appellant's second issue is resolved against him.

## C.      The Insanity Defense

Appellant's third issue argues that the trial court erred in denying his request to present an insanity defense. We disagree.

The Texas Penal Code provides that insanity may be raised as a defense to a criminal prosecution. TEX. PENAL CODE ANN. § 8.01(a).[4] However, the Code of Criminal Procedure requires that the defendant file notice of his intention to raise the defense at least twenty days before the date the case has been set for trial. TEX. CODE CRIM. PROC. ANN. art. 46C.051(a)-(b). The trial court may, on a finding of good cause for failure to serve timely notice, still allow evidence of insanity. *Id*. art. 46C.052.

Here, appellant did not request that he be allowed to present evidence of insanity. He merely mentioned that insanity was a possibility that his expert needed more time to explore. Because the record does not reflect a specific and timely request to the trial court or a ruling on that request, this issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1.

Appellant's brief states that "because he had not had an opportunity to fully consult with the expert, he should have had the opportunity to move forward with the insanity defense by presenting Dr. Coates and his medical records." The record demonstrates, however, that Dr. Coates's testimony was offered to show that appellant did not act intentionally, knowingly, or recklessly, not as evidence of

---

[4] Specifically, the Code provides that, "It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong." *Id.*

–13–

insanity. Again, appellant did not request that Coates be permitted to testify about insanity. *See* TEX. R. APP. P. 33.1.[5]

In addition, even if the insanity issue had been preserved for our review, the record does not reflect that appellant timely filed a notice of intent to raise an insanity defense in this case. *See* TEX. CODE CRIM. PROC. ANN. art. 46C.051. Likewise, the trial court did not find, nor does the record reflect that appellant showed good cause for his failure to serve the requisite notice. *See id*. art. 46C.052; s*ee also Newsome v. State*, 235 S.W.3d 341, 343 (Tex. App.—Fort Worth 2007, no pet.) (refusing to allow an untimely notice of insanity where the defendant produced no evidence of good cause). Appellant's third issue is resolved against him.

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
211156F.U05

---

[5] Even if appellant had made such a request, Dr. Coates's testimony would not have supported an insanity defense. Dr. Coates testified that he was "not sure either way" if appellant knew what he was doing at the time of the offense, and he did not know the legal definition of insanity. He also said that he would not be able to testify that appellant did not know right from wrong because of his blackout.



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JUSTICE CODY MCCOY,
Appellant

No. 05-21-01156-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-80798-
2021.
Opinion delivered by Justice Garcia.
Justices Myers and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered October 25, 2022